13 So.2d 294

### JACKSON LUMBER CO. v. BUTLER.

#### 4 Div. 213.

Supreme Court of Alabama.

May 14, 1942.

Rehearing Denied May 20, 1943.

Mizell & Pearson, of Andalusia, for appellant.

Murphy & Cook, of Andalusia, for appellee.

LIVINGSTON, Justice.

This is an action of statutory ejectment by E. M. Butler against Jackson Lumber Company, a corporation, to recover possession of the southwest quarter of the northeast quarter of section 26, Township 2, north of Range 17 east, in Covington

County, Alabama. The case was tried before a jury, and resulted in a verdict and judgment for the plaintiff for the lands sued for. The defendant, Jackson Lumber Company, appealed.

Appellee claims title to, and the right to possession of, the lands involved through the following conveyances and sources: patent from the United States to John W. Rigdon; deed from John W. Rigdon to Monroe Butler and Holland Ward. Butler died during the War between the States, leaving surviving his wife, Helen (or Ellen) Butler and two children, A. M. Butler and W. E. (Winnie) Butler. Helen (or Ellen) Butler died about 1892, leaving surviving A. M. Butler and W. E. (Winnie) Butler. A. M. Butler conveyed his interest in the estate of his father, Monroe Butler, to W. E. (Winnie) Butler on September 1, 1903. W. E. (Winnie) Butler died about 1914, leaving surviving her son, the plaintiff, as her sole heir at law and next of kin. There is no evidence touching the disposition of the interest of Holland Ward.

Defendant rested its claim of title on adverse possession of one J. M. Powell for the statutory period, and a deed from Powell to defendant.

After the death of Monroe Butler, his widow, Helen (or Ellen) Butler married J. M. Powell, and they lived on the lands involved, Helen (or Ellen) Butler Powell until her death about 1892, and J. M. Powell until his death in December, 1928. On November 15, 1902, in pursuance of section 1541 et seq., Code of 1896, J. M. Powell filed in the office of the judge of probate of Covington County, Alabama, notice of adverse possession and claim to the lands involved. On January 3, 1928, J. M. Powell conveyed the lands to the defendant, Jackson Lumber Company. This suit was commenced June 10, 1937.

■ Clearly, under the evidence, the question of whether or not the possession of Powell was of such character as to ripen into title was one for the jury and the defendant can take nothing by its assignment of error No. 8, based on the refusal of the general charge.

■ Written charges 1, 2, 3, 5 and 6, refused to the defendant, assume that plaintiff relied on title by adverse possession. Such is not the case, and the charges were therefore abstract and properly refused.

■ Written charge 4 finds no support in the evidence. The charge fails to take into consideration the alleged possession of Powell, without which defendant could not prevail. It was therefore properly refused.

■ There was no reversible error in refusing defendant's written charge No. 8. Although it is a correct statement of the law, the proposition asserted was amply covered by the oral charge of the court.

■ Defendant's requested written charge No. 10 is faulty in that it ignores the fact that W. E. (Winnie) Butler did not derive title solely by the deed from A. M. Butler, but also had an interest of her own by inheritance.

This suit was brought in the name of E. M. Butler. The plaintiff testified that his name was Ezra Manuel Butler. That he was generally called Manuel Butler: that he had signed his name M. E. Butler. There was other testimony to the effect that plaintiff was known as M. E. Butler.

■ There is a substantial variance in the evidence where a claim or defense for or against one party is alleged and the proof is of a claim or defense for or against another. Nevertheless, one who is as well known by one name as another may sue or be sued by either name. 47 Corpus Juris 174, section 323; 49 Corpus Juris 813, section 1197. There was no error in the rulings of the trial court made the basis of assignments of error 10, 11, 12, 29, 30 and 36.

■ It is settled in this State that, as against a stranger to the one, or more, less than all tenants in common may sue for and recover the whole of the realty, the subject of the tenancy in common, and the recovery inures to the benefit of all. Dorlan v. Westervitch, 140 Ala. 283, 37 So. 382, 103 Am.St.Rep. 35–41; Lecroix v. Malone, 157 Ala. 434, 47 So. 725; Blakeney v. Du Bose, 167 Ala. 627, 52 So. 746; Freeman on Cotenancy, section 343; note to Marshall v. Palmer, 50 Am.St.Rep. 838–843; note to Williams v. Coal Creek Min. & Mfg. Co., 6 L.R.A.,N.S., 710 et seq; Worrelle on Ejectment, section 123; Griswold v. Minneapolis, St. P. & S. S. M. Railroad Co., 12 N.D. 435, 97 N.W. 538, 102 Am.St.Rep. 572; Hooper et al. v. Bankhead & Bankhead, 171 Ala. 626, 54 So. 549.

■ Therefore the fact that plaintiff may own the lands sued for jointly with

others, the heirs of Holland Ward, is no impediment in the way of his right of action; and defendant's written charge 15, asserting the contrary, was properly refused.

Charge 18 assumes that the possession of the lands by the defendant, and those under whom it claimed, was hostile to the title of the plaintiff, invades the province of the jury, and was properly refused.

Charge 19 was highly favorable to the plaintiff, appellee, and its refusal could not have prejudiced the rights of appellant.

Assignments of error 16, 17, 18, 22, 23, 31 and 32 are based on the admission in evidence of the records of the patent from the United States to John Rigdon, the deed from John Rigdon and wife to Monroe Butler and Holland Ward, the deed from A. M. Butler and wife to W. E. (Winnie) Butler. We have carefully examined the testimony touching the absence of the original instruments, and hold that they were sufficiently accounted for.

Assignments of error 19, 20, 29, 30, 34 and 45 are based on the admission of evidence touching the possession by parties, other than defendant and those through whom it claimed of the lands sued for. The evidence was admissible on the question as to the character of the possession of those through whom defendant claimed.

Objection was sustained to the following question propounded to plaintiff's witness Grover C. Barnes on cross-examination: "I will ask you if you received notice from W. P. Matthews to vacate the land?" The information sought had been previously given, and any error intervening was without injury.

Although the court sustained plaintiff's objection to the question propounded to witness H. G. Huggins, the witness answered, and the answer was not excluded. There is no merit in appellant's assignment of error 24.

The question propounded by defendant to witness H. G. Huggins, to which objection was sustained, and which is made the basis of assignment of error 25, calls for a conclusion of the witness, and invades the province of the jury.

Assignments of error 26 and 27 are based on the court's refusal to allow

defendant to prove by witness Matthews that witness had given Grover C. Barnes notice "to get off the place." The time when the notice was given is not stated. For aught appearing, the proof was not material.

Assignments of error 28 and 33 do not state concisely in what the errors consist. They should do so and errors assigned in this way will not be considered by this court. Hall v. Pearce, 209 Ala. 397, 96 So. 608; Supreme Court Rule 1.

We have carefully examined assignments of error 38, 39, 40, 41 and 42, based on exceptions to certain designated portions of the oral charge of the court, and are clear to the conclusion that no error to reverse here intervened. Supreme Court Rule 45.

There was no error in the court's refusal to grant appellant's motion for a new trial.

The case is due to be and is affirmed. Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.