27 So.2d 781

### ALSUP v. SOUTHERN MFG. CO.

#### 7 Div. 867.

Supreme Court of Alabama.

Oct. 10, 1946.

Rehearing Denied Nov. 21, 1946.

Motley & Motley, of Gadsden, for appellant.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellee.

LAWSON, Justice.

This is the second appeal in this case. Alsup v. Southern Manufacturing Co., 244 Ala. 330, 13 So.2d 408.

On May 3, 1930, Mary Alsup, appellant, executed a mortgage to one Hugo Hecht in the principal amount of $400 conveying all of Lot No. 116 of the Original Survey of Gadsden. This mortgage and the indebtedness secured thereby was transferred and assigned to the Southern Manufacturing Company, appellee, on November 18, 1936.

On May 21, 1930, appellant executed to appellee a second mortgage on the West 60 feet of the same lot covered by the mortgage to Hecht. The principal amount of this second mortgage was $2,414.56.

Both of said mortgages being in default, appellee instituted foreclosure proceedings wherein the date of sale was fixed as May 19, 1941. On the morning of the date of sale appellant filed a bill in equity wherein she alleged that she had executed the aforementioned second mortgage to appellee but had paid more than was due thereon; that appellee had advertised the property covered by the mortgage for sale. The bill prayed that the said second mortgage be cancelled or that she be permitted to redeem upon payment of the balance due upon ascertainment to that effect, offering to pay, and to do equity.

Appellee filed an answer and cross-bill denying payment of the mortgage debt and averring: The existence of the first mortgage and the circumstances connected therewith; that inasmuch as no injunction or other restraining order was prayed for or granted, appellee had proceeded with the foreclosure of the two mortgages and had become the purchaser at said sale; that a foreclosure deed was executed, and demand for possession refused. The cross-bill prayed for a confirmation of the foreclosure proceedings and a writ of assistance to put respondent, appellee, in possession.

Demurrer to the cross-bill having been overruled, the appellant filed an answer which was only a general denial.

On re-reference the amount of the indebtedness, including both mortgages and attorneys' fees, was fixed at $2,840.42. The court on final decree overruled exception to the last report of the register, and decreed that on payment by appellant of the said sum of $2,840.42, interest thereon since the date of the report, and the costs of suit, within 10 days of the date of the decree, the mortgages and foreclosure deed be decreed null and void, and proper entries be made on the records; but on failure to so redeem the foreclosure deed be ratified and confirmed and all right, title and interest of complainant be divested.

On the first appeal we held, (1) that the demurrer to the cross-bill was correctly overruled; (2) that appellant was not entitled to redeem the parcel of land covered by the second mortgage (West 60 feet of the lot) without paying off the first mortgage covering the entire lot which said mortgage was also held by appellee at the time the bill was filed; (3) that the trial court did not err in the total amount found to be due nor in decreeing redemption on payment of the whole debt. However, the decree of the trial court was held to be erroneous is not permitting appellant to pay off the first mortgage in full, thereby clearing one parcel of the land of any mortgage lien, and reducing the demand against the other parcel (West 60 feet) to the balance due on the second mortgage.

Upon remandment appellant amended her bill of complaint. As amended it alleges in substance that the first mortgage (that for $400 covering the entire lot) was executed in settlement of an indebtedness owed Hecht in the amount of only $300; that the second mortgage (that for $2,414.56 covering the West 60 feet of the lot) was executed to the Southern Manufacturing Company, appellee, to pay off the first mortgage and for other consideration amounting in the aggregate to $2,414.56; that appellee is trying to collect the amount of both mortgages although the amount originally due on the first is now included in the second; that "there was included in both of said mortgages usurious interest in the amount of five hundred dollars and your oratrix has paid said Southern Manufacturing Company on said mortgages and notes the sum of four thousand dollars, and the said Southern Manufacturing Company still claims that your oratrix owes them the sum of $3,273.96 although said mortgage contains usury and oratrix has more than paid the amount due on said mortgages and does not owe anything."

The prayer of the amended bill is in all material respects the same as that of the original bill.

Appellee in its answer denied the aforestated averments of the amended bill and requested the trial court to make separate ascertainment of the indebtedness owing on the two mortgages and that an appropriate decree be entered directing their foreclosure upon the failure of the appellant to pay the amounts determined by the court to be due thereunder.

Although appellant's amended bill contains allegations not a part of the original bill, appellant offered no additional testimony but submitted on testimony taken in the original proceedings.

On December 17, 1945, a final decree was entered fixing and determining separately the indebtedness on the first mortgage and the indebtedness on the second mortgage and providing that appellant be given 30 days within which to pay said indebtedness. It is further provided in said final decree that the appellant may redeem said first mortgage by the payment only of the amount owing thereon and that upon such payment all of Lot No. 116 of the Original Survey of Gadsden shall be cleared of that mortgage lien, but the West 60 feet of said lot shall remain subject to the lien of the second mortgage; and that said second mortgage shall not be redeemed without payment in full of the indebtedness owing on both of said mortgages; that upon failure of appellant to redeem said mortgages in accordance with the terms of the decree, the register proceed with their foreclosure.

On this appeal appellant assigned as error: The finding of the trial court as to the amounts due on each of the mortgages; the failure of the court to sustain appellant's contention as to usury; and in holding that appellant cannot redeem the second

mortgage without paying in addition thereto the entire indebtedness owing on the first mortgage.

As to the contention last above referred to, suffice it to say that the trial court's action was in accordance with the decision of this court on former appeal in this case. We see no reason to depart from that holding. Certain it is that brief of appellant does not point out wherein we were in error in so holding on the first appeal.

The brief of counsel for appellant does little more than repeat the assignments of error and falls far short of compliance with Supreme Court Rule 10, Code 1940, Tit. 7 Appendix. Hodge et al. v. Rambo, 155 Ala. 175, 45 So. 678.

We will not here attempt to set out the evidence as it relates to the amounts due on the two mortgages or to the alleged usurious character of the transactions.

We have given careful consideration to the evidence and are of the opinion that the trial court was justified thereunder in concluding that appellant did not prove her allegations as to usury. We find no error as to the amounts which the trial court found to be due on the two mortgages.

The decree of the trial court is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.