81 So.2d 284

The FIRST NATIONAL BANK OF BIRMINGHAM

v.

Lillian Mason LOWERY.

The FIRST NATIONAL BANK OF BIRMINGHAM

v.

E. A. LOWERY.

6 Div. 485, 486.

Supreme Court of Alabama.

May 12, 1955.

Rehearing Denied June 23, 1955.

Marvin Williams, Jr., Davis & Williams, Birmingham, for appellant.

Hare, Parsons, Wynn & Newell, W. L. Longshore, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

The two cases before us were consolidated for trial in the circuit court and will here be treated together on appeal.

Each case was tried upon a simple negligence count. The cases were tried on plaintiffs' amended complaints. The amended complaints in each instance allege that on May 27, 1950, defendant, appellant, was the proprietor or owner of the premises in Leeds, Alabama, known as the First National Bank of Birmingham, Leeds Branch. Further, the complaints allege that on aforesaid date, plaintiff, Lillian Mason Lowery, was present upon said premises as "a customer and invitee of the defendant." It is averred that as Lillian Mason Lowery stood or walked upon the floor of defendant bank, she slipped and fell, and as a proximate consequence thereof, broke her left leg at the hip joint. The two complaints state that defendant, at the time of the fall, negligently maintained the premises where Lilliam Mason Lowery was injured *in a condition so slippery as to be* not reasonably safe to stand or walk upon. E. A. Lowery, husband of the injured party, is the plaintiff in the second complaint. His claim also is for damages and is based upon medical expenses and loss of services.

In each case, defendant filed a plea of the general issue in short by consent, with leave, etc. At the conclusion of the evidence, both cases were submitted to the jury. Verdicts of $7,500 and $2,000 were

returned in favor of Lillian Mason Lowery and E. A. Lowery, respectively.

Motions for a new trial were duly filed in each case and overruled. Thereafter, defendant prosecuted this appeal.

Appellant contends that reversible error was committed by the trial court in its refusal to give the affirmative charge on behalf of the defendant. The basis of said contention is that the evidence fails to show Mrs. Lowery to have been an invitee on defendant's premises at the time of the accident.

Appellant argues that Mrs. Lowery entered the bank building on a mission which was for her benefit alone; as a consequence, she was a mere licensee rather than an invitee.

The evidence shows that Mrs. Lowery entered the bank for the sole purpose of having a one-hundred dollar bill changed into bills of smaller denominations. This change was needed to enable a patient to pay a bill which he owed to Dr. E. A. Lowery.

In support of the contention that plaintiff was a licensee, appellant cites Cobb v. First National Bank of Atlanta, 58 Ga. App. 160, 198 S.E. 111. In that case, plaintiff entered defendant bank to obtain a blank form of a promissory note for her own use, and the Georgia Appellate Court held that plaintiff was a licensee rather than an invitee.

Appellant also cites Prudential Ins. Co. of America v. Zeidler, 233 Ala. 328, 171 So. 634, 636, which states the following principle:

> "It is further established that to render a landowner responsible for the *mere condition of his property,* in the absence of an affirmative act calculated to inflict injury, invitation to the person injured must be implied from conduct amounting to more than sufferance, permission, or passive acquiescence in repeated trespasses. * * *"

The Alabama law on this proposition is stated in Alabama Great Southern Railway Co. v. Godfrey, 156 Ala. 202, 47 So. 185, 190, in which Mr. Justice Haralson speaking for the court said:

> "'The term "invitation," within the rule that the owner of the property who has held out any invitation, allurement, or inducement for others to come upon the property, must keep his premises in a safe condition, imports "that the person injured did not act merely for his own convenience and pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession or control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used." The true distinction is this: A mere passive acquiecence by an owner or occupier in a certain use of his land by others involves no liability. But if he directly or by implication induces persons to enter on and pass over his premises he thereby assumes an obligation that they are in a safe condition, suitable for use, and for a breach of this obligation he is liable in damages to a person injured thereby.' Sweeny v. Old Colony & N. R. Co., 92 Mass. [10 Allen 368], 368, 873, 87 Am. Dec. 644, cited in L. & N. R. R. Co. v. Sides, 129 Ala. 402, 29 So. 798 [22 Words and Phrases, Invitation, p. 562]. 'It is sometimes difficult to determine whether the circumstances make a case of invitation, in the technical sense of that word, as used in a large number of adjudged cases, or only a case of mere license. "The principle," says Mr. Campbell, in his treatise on Negligence, "appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it."' Harlan, J., in Bennett v. Louisville & N. R. Co., 102 U.S. 577–585, 26 L.Ed. 235."

The Supreme Court of Missouri in the case of Gilliland v. Bondurant, 332 Mo. 881, 59 S.W.2d 679, 686, states the rule as follows:

> "It, however, makes no difference in the owner's duty to the invitee whether the invitation is express or implied. 45 C.J. 808, § 218. An implied invitation is defined as 'one which is held to be extended by reason of the owner or occupant doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the intentions and purposes of the owner or occupant, and leads him to believe that the use is in accordance with the design for which the place is adapted and allowed to be used in mutuality of interest.' 45 C.J. 809, § 220. 'However, it is not sufficient that the user believed that the use was intended, but in order to occupy the status of invitee, he must show that there was some act or conduct of the owner or occupant which afforded a reasonable basis for such belief. An invitation may be implied from dedication, customary use, or enticement, allurement, or inducement to enter. It may be manifested by the arrangement of the premises or the conduct of the owner.' 45 C.J. 810, § 220. See, also, Glaser v. Rothschild, 221 Mo. 180, 120 S.W. 1, 22 L.R.A.,N.S., 1045, 17 Ann.Cas. 576. The owner's duty to an invitee is to take ordinary care to prevent his injury. Glaser v. Rothschild, supra."

This statement of the law has been followed in cases in several other jurisdictions: notably, Shoffner v. Pilkerton, 292 Ky. 407, 166 S.W.2d 870; Mills v. Heidingsfield, La.App., 192 So. 786; Nezworski v. Mazanec, 301 Mich. 43, 2 N.W.2d 912.

In the case of Wool v. Larner, 112 Vt. 431, 26 A.2d 89, 92, this proposition of law is stated thusly:

> "Without an invitation express or implied, no duty of active care arises. But such invitation is implied whenever, as in the case at bar one makes such use of another's premises or something found thereon as the owner intends he shall, or such as he is reasonably justified in understanding the owner intended."

In the case at bar, we are of the opinion that the plaintiff, Mrs. Lowery, was an invitee. An invitation may be implied from the very nature of the business which a bank conducts, and from the fact that it is customary for a bank to provide a money-changing service for the public. The plaintiff would be reasonably justified in believing that entering a bank for the purpose of getting a large bill changed is consistent with the intentions and purposes of the bank owners, and is in accordance with the intention and design for which the place is adapted and allowed to be used.

The case at bar is distinguishable from Cobb v. First National Bank of Atlanta, supra, by the fact that the furnishing of blank promissory note forms is not in the usual course of a bank's business, and not a function which a bank is generally expected to perform; whereas, the changing of money is in the usual course of a bank's business, and is a function which a bank is generally known to perform. It is well known that banks have been changing money for the public as a matter of course and that money is changed not only for those who are intent on transacting some immediate business with the bank, but also for all those who request that change be made.

It is insisted by appellant that the trial court committed reversible error in overruling appellant's objection to the following question propounded to the witness who had been qualified as one experienced in the maintenance of terrazzo floors:

> "You said it is not good practice to put wax such as J. I. Holcombe wax on—or any common wax on terrazzo, tell the jury why—tell them the effect of it."

Appellant's contention is that the question called for an answer directed to the

ultimate fact in issue, and is, therefore, objectionable.

The issue which the jury had to decide in this case was whether defendant was negligent in the maintenance of its floors, and, if so, whether such negligence was the proximate cause of plaintiff's injury. The question propounded to the witness appears to be designed not to elicit an opinion or conclusion invasive of the province of the jury, but rather to elicit a fact which the jury must have in order to draw its own conclusion as to the ultimate issue. We conclude there was no error in allowing the witness to answer the question. Appellant's brief grouped this assignment of error with assignments of error 4, 16 and 19 for the purpose of argument. This court has consistently held that where several assignments of error are grouped and argued together in brief, and one is found to be without merit, the court will not consider the others. Gulf M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305; Sovereign Camp W.O.W. v. Davis, 242 Ala. 235, 5 So.2d 480; Morgan-Hill Paving Co. v. Thomas, 223 Ala. 88, 134 So. 480. This rule cannot be evaded by the appellant's including in his brief a request that the court consider each assignment of error separately and severally. Having found one assignment of error to be without merit, the court will not consider those that are grouped with it in argument.

Appellant further contends that the trial court erred in not giving the general affirmative charge on behalf of the defendant on the theory that there was no evidence in the case to sustain a finding of negligence by the jury. In support of this contention, appellant argues that the owner of real property cannot be guilty of negligence merely by virtue of applying wax to a floor, whether the floor be of terrazzo or of some other material.

Plaintiff introduced evidence tending to prove not only that the floor where plaintiff was injured had been waxed, but also that defendant used an improper type wax, and that defendant did not use approved methods of applying the wax or of removing accumulations of old wax. This evidence was disputed by defendant's witnesses. Under these circumstances, we are of the opinion that the question of defendant's negligence as well as that of plaintiff's contributory negligence were proper ones for the jury. F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534; Ten Ball Novelty & Mfg. Co. v. Allen, 255 Ala. 418, 51 So.2d 690.

Appellant assigns as error the trial court's action in overruling appellant's motion to exclude the following testimony of the witness, W. C. Walker:

> "The floor was—seemed to me like as slick as it could be almost."

Appellant contends the testimony is inadmissible on the grounds it is an opinion or conclusion of the witness.

This court has held that where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of a particular fact, better evidence is not obtainable, the opinion of a witness derived from observation is admissible. Mayberry v. State, 107 Ala. 64, 18 So. 219; Baugh v. State, 218 Ala. 87, 117 So. 426; Alaga Coach Line, Inc., v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Rowe v. Alabama Power Co., 232 Ala. 257, 167 So. 324; Johnson v. Martin, 255 Ala. 600, 52 So.2d 688. Under this rule of law, the testimony of the witness is admissible. It would appear that the fact of slipperiness could not be conveyed to the jury in any way other than the witness testifying to the impression he formed by observation. Having determined this assignment of error to be without merit, the court will not consider assignments of error 6, 19, 11 and 18 which are grouped with it in argument.

We have carefully examined the evidence and conclude that the preponderance of the evidence is not clearly against the verdict of the jury. We shall not dis-

turb the trial judge's ruling on appellant's motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Smith v. Smith, 254 Ala. 404, 48 So.2d 546. We will not consider assignments of error 22, 23 and 25 which are argued in bulk with the assignment of error concerning the trial judge's ruling on appellant's motion for a new trial.

We find no reversible error in the record.

The judgment in both cases before us is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.