103 So.2d 777

Patrick B. FARR, pro ami George W. Farr,

v.

BLACKMAN PLUMBING & HEATING COMPANY.

George W. FARR

v.

BLACKMAN PLUMBING & HEATING COMPANY.

6 Div. 199, 200.

Supreme Court of Alabama.

May 29, 1958.

Rehearing Denied June 19, 1958.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellants.

Mead & Norman, Birmingham, for appellee.

LAWSON, Justice.

Around 3 o'clock on the afternoon of November 18, 1955, Patrick Brady Farr, a boy fourteen years of age, was seriously injured when the motor scooter on which he was riding collided with a truck driven by Huey Warren Blackman. The truck was owned by Blackman Plumbing & Heating Company, a partnership composed of Huey Warren Blackman and his son, Huey Wilson Blackman.

The boy and his father each brought suit against the partnership, which will be re-

ferred to hereafter as the defendant. The boy sued by and through his father and next friend, claiming damages for personal injuries. The father, George W. Farr, claimed damages for loss of services of his minor son and expenses incident to the treatment of his injuries. Both complaints contained counts charging the defendant with negligence and with wanton conduct. In the wanton conduct counts the plaintiffs claimed punitive damages. In both cases the defendant pleaded the general issue in short by consent in the usual form.

The two cases were consolidated and tried together under the statute which authorizes circuit courts in counties of 300,000 or more population to consolidate pending cases of like nature. § 221, Title 7, Code 1940.

The trial resulted in separate verdicts in favor of the defendant. Separate judgments followed the verdicts. Plaintiffs filed their motions for new trials, which were overruled, and they separately appeal to this court. The appeals were consolidated and submitted here on one record.

Defendant's truck, which had been proceeding west on Tuscaloosa Avenue in Birmingham, was brought to a stop at the east side of 12th Street, S.W., for the red light. It was stopped near the center line of the Avenue in the lane designed for traffic moving in a westerly direction. About the same time a large van truck which had been moving in an easterly direction on Tuscaloosa Avenue was also stopped for the red light. The van truck was stopped at about the western edge of 12th Street near the center line of the Avenue in the lane designed for traffic moving in an easterly direction. Several vehicles were stopped behind the van truck.

As the red light changed to green the defendant's truck moved forward. The van truck and the vehicles following it also began to move forward either at the same time as did the defendant's truck or shortly after the defendant's truck first began to move. The defendant's truck began a turn to its left. The van truck and following vehicles were stopped suddenly because of the left turn made by defendant's truck.

While the defendant's truck was completing its left turn and thus heading south into 12th Street and with only three or four feet of the truck still in the intersection proper, the motor scooter operated by young Farr, after skidding in excess of thirty feet, struck the right rear of defendant's truck and as a result young Farr was injured. The motor scooter just prior to the collision was being driven by young Farr in an easterly direction on Tuscaloosa Avenue at a speed estimated as being from twenty to thirty miles an hour. The motor scooter entered the intersection by passing to the right of the van truck and the vehicles behind it.

According to the driver of the vehicle which was immediately behind the van truck, he was not aware of the presence of the motor scooter until four or five seconds after his vehicle and the van truck had been stopped to permit defendant's truck to turn left in front of the van truck. At that time he heard the motor scooter approaching from the rear to his right.

Reversal is sought solely on the ground that the trial court at the request of the defendant gave the following written charge:

"E. I charge you as a matter of law that the driver of a vehicle, including a motor scooter, approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of such first mentioned vehicle, including a motor scooter, provided the driver of the vehicle turning left has given a plainly visible signal of intention to turn in accordance with law."

In giving Charge E the trial judge evidently had in mind the provisions of § 1253 (c) of the City Code of Birmingham which, along with § 1291(b) of that Code, will be set out in the report of the case.

Charges somewhat similar to Charge E were held to have been refused without error in the case of Morris v. Crumpton, 259 Ala. 565, 67 So.2d 800, 39 A.L.R.2d 58. It is that holding which appellants insist requires a reversal of the judgments here under review. We cannot agree.

In regard to the refusal of Charges 9 and 10 in Morris v. Crumpton, supra, 259 Ala. 565, 569, 67 So.2d 800, 803, we said:

"* * * Pretermitting further the question of whether under all conditions, in view of the State statute, the plaintiff would be required to yield to the defendant if the latter's vehicle had entered the intersection first, the charges were faulty in omitting the requirement of State law that the signal or intention to turn must have been given 'continuously' and the plaintiff in the exercise of due care must have been in a position to see, otherwise the movement of the defendant would not have been made with reasonable safety. *Thus were the charges incomplete and misleading.*" (Emphasis supplied.)

While Charge E is not in all respects the same as Charges 9 and 13 in Morris v. Crumpton, supra, and the facts in this case are in some material respects different from those presented in Morris v. Crumpton, supra, our holding in that case would, in our opinion, have justified the refusal of Charge E. And Charge E could have been refused on the ground that it states an abstract proposition of law without instructing the jury as to its effect upon the issues of the case. Johnson v. Louisville & N. R. Co., 220 Ala. 649, 127 So. 216; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388.

However, we are of the opinion that any misleading tendency of Charge E because of its incompleteness could have been corrected by an explanatory charge. Kendrick v. Birmingham Southern R. Co., 254 Ala. 313, 48 So.2d 320; Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902; Adams v. Queen Ins. Co. of America, 264 Ala. 572, 88 So.2d 331.

The fact that a given charge is abstract is not available as reversible error unless it affirmatively appears from the record that the charge worked injury to the complaining party, the remedy being to request an explanatory charge. Bailey v. Tennessee Coal, Iron & R. Co., 261 Ala. 526, 75 So.2d 117, and cases cited.

We cannot say from a consideration of the entire record, including the exhibits, which have been certified to us, that the giving of Charge E probably injuriously affected substantial rights of the appellants. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Birmingham Ice & Cold Storage Co. v. Alley, 247 Ala. 503, 25 So.2d 37; Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838.

The judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.