157 So.2d 680

**STATE of Alabama**

v.

**Frank E. YOUNG, Jr., et al**

1 Div. 77.

Supreme Court of Alabama.

Nov. 14, 1963.

Richmond M. Flowers, Atty. Gen., Julius Cage, Jr., and Robt. M. Hill, Jr., Asst. Attys. Gen., for appellant.

Ross Diamond, Jr., Mobile, for appellees.

PER CURIAM.

The sole issue presented at the trial of this cause in the circuit court of Mobile County, on appeal from the probate court, was the amount of lawful damages to which the appellees are entitled and which resulted from appellant's exercise of its right of eminent domain over appellees' real property for the construction of a controlled interstate highway. The interstate construction does not follow an old road, but is on a new highway. From a judgment assessing damages, petitioner in the court below here appeals.

The construction of this interstate highway and the denial of access thereto, the proceedings seeking to condemn both the land for a right-of-way and the right of access thereto, are authorized by Act No. 104, 1956, 1st Ex.Session, approved February 9, 1956, Acts of Alabama, Special Sessions, Vol. I, p. 148, Recompiled Code of Alabama, 1958, Tit. 23, § 141 et seq.

One of the main questions sought to be raised by assignments of error is whether or not the trial court erred in permitting counsel for appellees to cross ex-

amine witnesses for appellant as to whether or not, in evaluating the condemned property and appellees' damages, they had taken into consideration the denial to appellees of access to the proposed highway.

We think these questions were permissible under the rulings of this court in the case of St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683(6) (7) (8). Although some of the questions might have been ineptly phrased, the effect was to bring them within the purview of this decision. We quote from the above decision as follows:

> "In view of our constitutional provisions, statutes and decisions, we hold that where, as here, the property right of access is condemned and the abutting property owner is denied access to the controlled or limited access highway, this factor or circumstance is proper for the jury to consider in arriving at just compensation to be awarded the owner of the land."

Appellant also complains by assignments of error and argument in brief that the trial judge committed error in the admission and also the rejection of certain evidence.

■ Many of these assignments are quite general and do not meet the requirements of law for specificity. Provident Life & Accident Ins. Co. of Chattanooga, Tenn. v. Priest, 212 Ala. 576, 103 So. 678 (2). However, we have reviewed rulings which appellant in its brief contends the assignments refer to, and it is our opinion they were not prejudicial to appellant even though some were laid in error. We have read all the evidence and it occurs to us that the verdict of the jury is reasonably free from prejudice or bias, and was not materially influenced by these rulings in error or by argument of counsel in one instance to which appellant objected without avail. To justify a reversal, we must conclude that substantial prejudice resulted. This we cannot say is true. Supreme Court Rule 45, 261 Ala. XIX, XXXVII; Code 1940, Title 7, 1955 Cum. Pocket Part, Appendix; Recompiled Code 1958, Title 7, Appendix. Occidental Life Insurance Company of California v. Nichols, 266 Ala. 521, 97 So.2d 879(15); St. Clair County v. Martin, 273 Ala. 302, 139 So.2d 617.

■ There was a wide margin between the values adduced by appellant's two expert appraisers and those fixed by one of the respondents and other witnesses for respondents. The amount of damages fixed by the verdict of the jury was $11,000.00. The amount fixed in the probate court was $6,400.00. A witness for appellees testified, after having given a breakdown, that the damage to appellees is $17,200.00. An expert witness for appellant fixed the damage at $5,380.00. An amount approximating $5,380.00 was fixed by another expert witness for appellant. It appears that the jury determined the amount about half way between these sums.

As stated above, we do not think, after reviewing the evidence, that any substantial prejudice to the rights of appellant was occasioned by the conduct of the trial, and the judgment is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.