180 So.2d 273

**Ralph McCLENDON et al.**

**v.**

**STATE of Alabama.**

**7 Div. 592.**

Supreme Court of Alabama.

Nov. 18, 1965.

Roy D. McCord, Gadsden, for appellants.

Buford L. Copeland, Gadsden, for appellee.

LAWSON, Justice.

The State of Alabama filed a petition in the Probate Court of Etowah County to condemn lands belonging to appellants, Ralph McClendon, Eloise McClendon, S. P. McClendon and Mildred McClendon, for highway purposes.

The award of the Commissioners in the Probate Court was $15,950 and judgment of condemnation was entered accordingly.

The State took an appeal to the Circuit Court, where no issue was made as to the right of the State to condemn the property in question. In the circuit court the trial was before a jury, which returned a verdict awarding the landowners the sum of $9,500. Judgment was entered accordingly and the landowners' motion for a new trial was overruled. The landowners have appealed to this court.

Appellants have made seventeen assignments of error. Assignments of error 1 through 11 are argued in bulk. We quote from appellants' brief:

> "We can group assignment of errors 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11, under Proposition of Law I. All of the matters referred to in said assignment of errors, as we understand it, relate to hearsay testimony, and as this Court well knows, hearsay testimony is never properly admitted in evidence over the objection of the opposing party."

Appellants' Proposition of Law I reads: "Hearsay testimony, when properly objected to, is not admissible."

Appellee says that assignments of error 1 through 11 do not all relate to the hearsay rule and insists that we apply the rule that where unrelated assignments of error are argued in bulk, if any one assignment is not well taken, then no reversible error is made to appear. Moseley v. Ala-

bama Power Co., 246 Ala. 416, 21 So.2d 305; Thompson v. State, 267 Ala. 22, 99 So.2d 198; First National Bank of Birmingham v. Lowery, 263 Ala. 36, 81 So.2d 284.

We agree with appellee that assignments of error 1 through 11 are not related. They do not all relate to claimed violations of the hearsay rule. Assignments of error 5, 10 and 11 assert error on the part of the trial court in admitting certain deeds in evidence.

Assignment of error 9 reads as follows:

"The trial Court erred in over-ruling the objections and exceptions made to the questions propounded by the Appellee to the witness, Ben Hale, concerning the sale of certain property from one Nicholson to Moon."

Assignments of error 2 and 7 are to like effect.

■ These assignments do not comply with Supreme Court Rule 1. They do not state concisely of what the error consists. They should do so. Errors assigned in this way will not be considered by this court. Woodruff v. Smith, 127 Ala. 65, 28 So. 736, 54 L.R.A. 440; Hall v. Pearce, 209 Ala. 397, 96 So. 608; Miles v. Moore, 262 Ala. 441, 79 So.2d 432; Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294; Hughes v. McAnnally, 272 Ala. 169, 130 So.2d 176.

■ Assignments of error 1, 2, 3, 4, 6, 7, 8 and 9, having been argued in bulk with assignments 5, 10 and 11, which are without merit, will not be considered. Thompson v. State, supra.

Assignment of error 12 reads:

"The trial Court erred in its oral charge to the Jury wherein it stated: 'I am just in effect saying to you again that just compensation is determined by the difference in the fair cash market value of the property, of the tract affected, whether it be part or all of it, before and after the taking."

In their brief appellants complain of this part of the court's oral charge:

"* * * This is not the law of Alabama; it is not the cash market value, it is the fair market value. It is not the fair cash market value, it is the reasonable market value, and is not of the tract affected, but it is of the entire tract of land. * * *"

The record discloses that the only exception to the court's oral charge is as follows:

"If the Court please, we want to except to that portion of the Court's oral charge in which the Court stated that the measure of damages is the value of the entire tract affected before the taking and the value of the entire tract affected after— * * *."

■■ The proper way to reserve an exception to a part of the court's oral charge is for the exceptor to select and recite what the court said, or state the substance of what the court said, and thus specifically bring to the attention of the trial court and this court the matter and ruling of which complaint is made. Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228. We are of the opinion that the exception reserved to the court's oral charge in this case was insufficient to present for review appellants' criticisms of that part of the oral charge made the basis of assignment of error 12.

Assignment of error 13 is as follows:

"The trial Court erred in giving to the Jury, at the request of the Appellee, the following written charge, to-wit: 'I charge you, gentlemen of the jury, that in assessing compensation in this case, no consideration can be given to any inconvenience to the landowner because of the construction of the improvement."

■ The well-established rule of compensation in a condemnation proceeding in this state where only a part of a tract is taken is that the owner is entitled to the difference between the value of the entire tract immediately before the taking and the value of the part remaining after the taking,

giving effect to any enhancement in value to the part remaining in case the condemnation was for a public highway as provided in Title 19, Code 1940. In determining the value of the property after the taking, the jury should consider any factor or circumstance which would depreciate the value in any way, and this includes any effect that the completed project for which the land is condemned may produce on the remaining tract. St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683, and cases cited; State v. Young, 275 Ala. 648, 157 So.2d 680.

■■■ The fact that the road to be built on the condemned land of appellants will divide appellants' property is, we think, a factor or circumstance which the jury could take into consideration in determining the value of the remaining lands of appellants. The charge in question, when carefully considered, does not say to the contrary. It relates to a mere personal inconvenience of the landowners and does not say that the jury could not take into consideration the effect of the severance of appellants' property upon the value of their remaining lands. See Mississippi State Highway Commission v. Smith, 202 Miss. 488, 32 So.2d 268; State Department of Roads v. Dillon, 175 Neb. 444, 122 N.W.2d 223. The charge in question may have a tendency to confuse or mislead the jury, but when such a charge is given, the remedy is to request an explanatory charge. Farr v. Blackman Plumbing & Heating Co., 267 Ala. 585, 103 So.2d 777; Jacks v. City of Birmingham, 268 Ala. 138, 105 So.2d 121.

■■■ Assignments of error 14, 15, and 16 are mentioned in appellants' brief, but as to these assignments appellants' brief does little more than repeat the assignments of error and it falls far short of compliance with Supreme Court Rule 9. Alsup v. Southern Mfg. Co., 248 Ala. 405, 27 So.2d 781; Bertolla & Sons v. Kaiser, 267 Ala. 435, 103 So.2d 736.

There is no mention of assignment of error 17 in brief of appellants.

The judgment of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and HARWOOD, JJ., concur.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting).

The instruction; "I charge you, gentlemen of the jury, that in assessing compensation in this case, no consideration can be given to any inconvenience to the landowner because of the construction of the improvement"; seems to me to be an incorrect statement of the law and I would reverse for giving that charge to the jury.

This court has said:

"In Blount County v. Campbell, 268 Ala. 548, 109 So.2d 678, 682, the new controlled access highway went through his property where no highway had ever been. His access rights to this new highway were condemned. His property did not abut on the old highway but one of the roads to the old highway was sealed off. We held that the taking of the land, the closing of one of the roads to the old highway, his loss of access to his remaining property, and the *inconvenience* to the remaining tract resulting from the condemnation' were circumstances to be considered by the jury." (Emphasis Supplied.) St. Clair County v. Bukacek, 272 Ala. 323, 327, 131 So.2d 683, 687.

If this court was correct in saying that the "inconvenience to the remaining tract" is "to be considered by the jury," I find it difficult to understand how the charge in the instant case is not incorrect in saying "no consideration can be given to any inconvenience to the landowner."

This court says inconvenience is to be considered and the charge says no consid-

eration is to be given to any inconvenience. One statement or the other is incorrect because they are contradictory, unless the phrase "inconvenience to the remaining tract" means something different from the phrase "inconvenience to the landowner."

I am unable to follow the argument that the phrase, "inconvenience to the landowner," means something personal to him, unconnected with the value of the land, and, therefore, that the charge in the instant case is merely misleading and not an incorrect statement of the law. The only sort of inconvenience that can have any effect on the value of land is inconvenience to the owner, and I do not think a jury would understand the charge any other way.

The argument to the contrary seems to me to be unsound and, for that reason, I dissent.