208 So.2d 444

**STATE of Alabama**

**v.**

**William O. HARGROVE.**

**3 Div. 289.**

Supreme Court of Alabama.

March 14, 1968.

Goodwyn, Smith & Bowman, Montgomery, for appellant.

Ball & Ball, Montgomery, for appellee.

PER CURIAM.

Appellant filed eminent domain proceedings in the probate court of Lowndes County in furtherance of an interstate road project. That court entered an order of condemnation (not here questioned) for which it awarded the sum of $15,000.00 damages. The condemnor appealed to the circuit court of Lowndes County where a jury, demanded by appellant, fixed the damages at $27,000.00.

The original tract of land, through which the condemned area passed, contained 370 acres. The condemned area was 48.03 acres. The severance left 114 acres in the southeast corner of the tract, while the remaining area of approximately 208 acres was situated on the west side of the condemned area.

Appellant filed and presented a motion for a new trial in the circuit court. This motion was duly continued and overruled. The action of the trial court is the subject of appellant's assignment of error 13.

The other argued assignments contend error on the part of the trial court during the progress of the trial. We will advert to all argued assignments by number.

The first assignment is addressed to argument of counsel for appellee, viz:

"* * * What about the access, the expense of going back and forth, the route to take care of his cows?"

The record shows that this statement was made during the opening statement to the jury.

 The time, manner, and character of a party's opening statement to the jury regarding what he expects to prove are within the trial court's discretion, and is subject to review only when abused to the prejudice of the party complaining. Atlanta Life Ins. Company v. Canady, 225 Ala. 377, 143 So. 561(4). Appellee did not offer any evidence as to expense he would incur in going back and forth to take care of his cows. We fail to see that the ruling on the objection was prejudicial error to reverse. This assignment is without merit.

Assignment 2 is predicated upon the trial court's refusal to allow appellant's expert witness to testify in regard to a sale of some comparable land that took place about ten months after the date of the taking here under consideration.

 We have held that remoteness of time of the purchase of property by the owner is left to the discretion of the trial court. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545(2), 7 A.L.R.2d 773. We think this principle applies where, as here, evidence of the purchase price of comparable real estate located within the same area is sought to be introduced. We will not put the trial court in error for refusing admission of such evidence in the absence of an abuse of discretion. We

cannot say there was an abuse of discretion in the instant case, although the trial court with propriety could have admitted the evidence. It is to be noted that the witness testified without objection to several other sales of comparable property within the area of the land. The evidence to which objection was sustained was cumulative of this other evidence.

Assignment 3 is addressed to the court's overruling the State's objection propounded by appellee's counsel to the State's witness, Baker Dean, on cross-examination, viz:

"* * * All right, Sir. Now, did you take into consideration, in order for him to use this land down here in conjunction with his cattle operation, how far he has to go to get around over here?"

The evidence shows that the farm in question was adapted to raising cattle.

■ We have repeatedly held that the scope and intent of cross-examination rests in the sound discretion of the trial court, and his rulings thereon will not be revised on appeal unless it is clearly made to appear that error intervened to the prejudice of the objecting party. Melco System v. Receivers of Trans-America Ins. Co., 268 Ala. 152, 105 So.2d 43(9).

■ Mr. Baker, to whom the question was propounded, was testifying as an expert witness for the State. It was proper to inquire of him what factors he considered in forming his judgment as to the market value of the property before and after taking.

It is our opinion, and we so hold, that impeded access in getting to and from the severed areas as a result of the severance was a factor that affected the value of the remaining tracts.

The question was properly addressed to the witness as to whether or not he considered that factor in forming his judgment as to value.

■ Assignment 4 presents appellant's contention that the trial court erred to the prejudice of appellant in overruling his objection to the question propounded to the expert witness, Baker Dean. The question is as follows:

"* * * All right. Your experience as a cattle farmer, you know too, that a farm the size of a 350 to 400 acres is a much more economic type operation than running two farms, one a 114 * * *."

Here, too the question was propounded to the witness on cross-examination. The same principle of law as to scope and intent of cross-examination that we cited in Melco System v. Receivers of Trans-America Ins. Co., supra, applies here.

The farm here under consideration, as we have already stated, was, according to appellee, adapted to cattle raising. Any interference by severance of the tract was a factor for consideration of the jury in assessing the value of the severed tracts. If the severance disturbed the economy of operating the tract as a whole, and thereby increased the expense of operating the remaining units pursuant to their adaptation as a cattle farm, we are of the opinion that such disturbance would be a factor for the jury to consider along with the other evidence in assessing the market value of the remaining land. This is true, although such expense could not be recovered per se in the assessment of damages for the taking. There was no effort to prove the increased expense in dollars and cents.

Assignments of Error 5, 6 and 7 are argued together and are related. The question presented in Assignment 5 was not answered. We therefore address our observation to assignments 6 and 7. These assignments present rulings of the court adverse to appellant on questions as follows:

6. "* * * How long has this been torn up or in construction there, Bill?"

7. "* * * Did you have any access, or have you had any access between

the Eastern tract and the Southwestern tract over here since the start of the construction?"

■ The record shows that the witness answered each question before objection thereto was made. The objections having been made in each instance after the answer, the ruling of the court was not error. American Casualty Company of Reading, Pa. v. Devine, 275 Ala. 628, 157 So.2d 661(3).

Appellant contends in Assignment 8 that the trial court erred in overruling its objection to a question propounded by appellee's counsel to appellee who was testifying. The question is as follows:

"All right. Now, what are the disadvantages of trying to operate a cattle farm that has been divided down the middle like this, and the small part, a 120 acres over here, and the other 200 acres over there?"

■ We hold that such disadvantages arising in the use of the remaining land as a cattle farm are factors which the jury could take into consideration in determining the market value of the remaining tracts following the severance. We said in McClendon v. State, 278 Ala. 678, 180 So. 2d 273(8), as follows:

"* * * In determining the value of the property after the taking, the jury should consider any factor or circumstance which would depreciate the value in any way, and this includes any effect that the completed project for which the land is condemned may produce on the remaining tract. St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683, and cases cited; State v. Young, 275 Ala. 648, 157 So.2d 680."

■ Assignment of Error 9 refers to a question propounded to appellee by his own counsel as follows:

"Will there be any increase, as far as using both of the tracts together as a cattle farm; will there be any increase in labor, or labor costs?"

This question relates to the economy in operating the severed tracts as a cattle farm for which the original tract was adapted. We think our observations with respect to Assignment of Error 4, supra, are pertinent to this assignment. Also, see McClendon v. State, supra, and the quotation therefrom. The trial court did not commit error in overruling appellant's objection to this question. We may add that there was no effort made to show the amount of the labor costs.

Assignment of Error 10 is inadequately argued and, in our judgment, is not seriously asserted as error.

Assignments 11 and 12 present as error appellee's assertion during argument to the jury, viz.

Mr. Bowman (for the State in his argument):

"* * * and gentlemen, I say to you, you never get something for nothing. When you get something for nothing, somebody pays for it, and that somebody is you and I."

Mr. Cole (for appellee):

"Now we object to that. The Federal Government pays for fifty percent of it."

Mr. Bowman:

"We object to that and move for a mistrial. We think that's highly prejudicial and * * *."

Thereupon, upon motion, the trial court excused the jury from the court room and heard further argument of counsel.

After argument and consideration, the court sustained the objections made by counsel for each party.

The Court (to the jury):

"Gentlemen, I sustained the objection to the last statement made by Mr. Bowman and the statement made by counsel,

Mr. Cole. So you gentlemen, in your deliberations, will disregard both of these statements by counsel."

█ Assignment 11 is without merit for the reason that the trial court sustained the objection that was made. This assignment states that the trial court erred in overruling appellant's objection to the statement of counsel for appellee that the government pays for fifty percent of the cost.

█ Assignment 12 asserts that the court erred in overruling its motion for a mistrial.

We think that the statement of counsel for the State in his remarks to the jury was an appeal to the self-interest of the jurors as taxpayers and was improper. State v. Barnhill, 280 Ala. 574, 196 So.2d 691(10, 11). We hold the view that the statement of counsel for appellee was provoked or produced by the statement of counsel for the State and consequently can furnish no ground for a mistrial or reversal. St. Clair County v. Bukacek, 272 Ala. 323, 131 So.2d 683(18).

█ Assignment 13 is predicated on the Court's overruling the State's motion for a new trial. Appellant argues a ground of the motion that the verdict of the jury is excessive and not sustained by the great preponderance of the evidence.

Our review of the evidence is not convincing that this ground has merit. Mr. Baker Dean, an expert appraiser, testifying as a witness for the State, fixed the value of the property before the taking at $51,400.00, and after the taking at $43,150, making a difference of $8,250 depreciation of the property. We will not narrate the details of his evidence in arriving at this amount of depreciation.

One Mr. Peacock Alisha, testifying as a witness for appellee, after detailing the value per acre before and after the taking, closed his appearance by stating:

"Q. (Mr. Cole) I'm talking about over-all, in dollars and cents, for the whole area in here.

"A. About * * * the whole place now to me wouldn't be worth—about thirty-one or $32,000.

"Q. All right. And what would you say it has been worth before?

"A. Well, we figured up to 50 something thousand, $55,—close to it in there."

The appellee, Mr. Hargrove, summarized his prior testimony as to value by testifying that in his judgment the land had a value of $200.00 per acre prior to the taking and $100.00 per acre after such taking. A mathematical calculation of these figures would place the value at $74,000.00 before, and approximately $32,000.00 after the taking. According to this testimony, the depreciation in the value before and after the taking was approximately $42,000.00.

From these divergent estimates of value, fixed by the witnesses for the parties, the jury, without going outside the testimony, fixed the damages at $27,000.00.

We are unwilling to disturb this verdict, or the ruling of the trial court on the motion for a new trial. See: Donald v. Matheny, 276 Ala. 52, 158 So.2d 909, 99 A.L.R. 2d 1241; Montgomery City Lines v. Davis, 261 Ala. 491, 74 So.2d 923(5), (7), (8); Atlanta Life Ins. Co. v. Stanley, 276 Ala. 642, 165 So.2d 731(11), (17), (20).

It is ordered that the judgment of the trial court be, and it is, affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.