The plaintiff, Charlene Spence, administratrix of the estate of her husband Garry Spence, appeals from a judgment based on a jury verdict in favor of the defendant Southern Pine Electric Cooperative, in her wrongful death action seeking damages for her husband's death. We affirm. *Page 971 
Garry Spence was employed by NewMc, Inc., a construction company, which was hired to dismantle a bridge in Escambia County, Alabama. As timbers from the bridge were taken down, they were loaded onto flatbed trailers for removal. One of the fully loaded trailers broke down under a power line belonging to Southern Pine Electric Cooperative. Although Southern Pine had instructed NewMc's employees at a preconstruction conference to notify it if there were going to be any operations close to the power lines, so that the lines could be de-energized, Southern Pine was not notified and the lines were not de-energized on the day of the accident. NewMc's senior employee at the job site decided to move a crane over to the broken down trailer and to use the crane to remove the timbers from that trailer and load them on another one. While this operation was being carried out, the cable hanging from the crane's boom came into contact simultaneously with overhead power lines and the trailer on which Garry Spence was leaning. Mr. Spence was electrocuted.
The plaintiff raises three issues for review. She asserts that the trial court erred in denying her motion for a directed verdict on the issues of contributory negligence and assumption of the risk and in allowing the defendant to use enlarged deposition excerpts as demonstrative evidence. She also claims that the jury's verdict was against the great weight of the evidence.
 I.
Southern Pine asserted the affirmative defenses of contributory negligence and assumption of the risk on the part of Garry Spence. At the close of the testimony, Ms. Spence moved for a directed verdict as to these two issues. The court denied her motion. Ms. Spence asserts that the negligence of the crane operator cannot be imputed to Garry Spence and that Garry Spence had no control over the actions of the crane operator and therefore could not assume the risk. Southern Pine counters with the argument that it was proper for the trial court to submit the issues of contributory negligence and assumption of the risk to the jury, based on the decedent's own conduct.
"A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to her claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ. Rule 50(a), Ala.R.Civ.P." Teague v. Adams,638 So.2d 836 (Ala. 1994); see John R. Cowley Bros., Inc. v. Brown,569 So.2d 375, 376 (Ala. 1990); Koch v. State Farm Fire Cas. Co.,565 So.2d 226, 228 (Ala. 1990); Dobbs v. Alabama Power Co.,549 So.2d 35, 36 (Ala. 1989). "In reviewing a ruling on a motion for a directed verdict, this Court views all the evidence in a light most favorable to the nonmovant and entertains such reasonable evidentiary inferences as the jury would be free to draw." Cato v. Lowder Realty Co., 630 So.2d 378, 381
(Ala. 1993). We must determine whether the nonmovant — defendant Southern Pine Electric Cooperative — presented substantial evidence supporting each element of its affirmative defense. § 12-21-12(a), Ala. Code 1975; Koch v. State Farm Fire Casualty Co., 565 So.2d 226 (Ala. 1990). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The issues of contributory negligence and assumption of the risk were properly submitted to the jury. Two members of the work crew testified that the crew had been warned of the danger that would be presented by the power line if the crane or the cable came in contact with the line and testified that Garry Spence was present when the warning was given and that he was personally told about the danger. "[Q]uestions of contributory negligence [and] assumption of the risk . . . are normally questions for the jury." Bogue v. R M Grocery, 553 So.2d 545,547 (Ala. 1989). See Robertson v. Travelers Inn, 613 So.2d 376
(Ala. 1993). Assumption of the risk and contributory negligence have been defined as follows:
 " 'Assumption of the risk proceeds from the injured person's actual awareness of *Page 972 
the risk. . . . Furthermore, with assumption of the risk the plaintiff's state of mind is determined by the subjective standard, whereas with contributory negligence the court uses the objective standard. . . . The factfinder looks at whether the plaintiff knew of the risk, not whether he should have known of it.' "
Superskate, Inc. v. Nolen, 641 So.2d 231 (Ala. 1994), quotingMcIsaac v. Monte Carlo Club, 587 So.2d 320, 324 (Ala. 1991). Thus, there was substantial evidence for the jury to consider as to whether Garry Spence was aware of the risk and had assumed the risk of injury by leaning on the trailer at that point when the crane and the cable touched the power line.
 II.
Next Ms. Spence contends that the trial court erred by allowing the defendant to use enlarged excerpts of deposition testimony of two of her witnesses as demonstrative evidence during opening statements. She refers to the placards used by the defendant's attorney in his opening statement as "demonstrative evidence"; the attorney used the placards as props during the opening statement. "The time, manner, and character of a party's opening statement to the jury regarding what he expects to prove are within the trial court's discretion, and [a ruling on these matters] is subject to [reversal] only when [that discretion is] abused to the prejudice of the party complaining." State v. Hargrove,282 Ala. 13, 15, 208 So.2d 444 (1968). This Court has long upheld the use of visual aids to illustrate testimony or arguments.Cabnetware, Inc. v. Birmingham Saw Works, Inc., 614 So.2d 1034
(Ala. 1993); Payne v. Jones, 284 Ala. 196, 224 So.2d 230 (1969);Atlantic Coast Line R.R. v. Kines, 276 Ala. 253, 160 So.2d 869
(1963); Southern Cement Co. v. Patterson, 271 Ala. 128,122 So.2d 386 (1960); Clark v. Hudson, 265 Ala. 630, 93 So.2d 138
(1956). Ms. Spence's witnesses testified at the trial exactly as they had previously testified in their depositions. Nothing in the record indicates that the use of the props prejudiced Ms. Spence or that the trial court abused its discretion in allowing the defendant's attorney to use them.
 III.
Last, Ms. Spence contends that the verdict of the jury is against the weight of the evidence. After the jury returned its verdict, she moved for a new trial. The court denied the motion. "A jury verdict is presumed to be correct, and this presumption is strengthened by the trial court's denial of a motion for new trial. A judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong."Whisenant v. Nationwide Mutual Fire Insurance Co.,577 So.2d 909, 911 (Ala. 1991). The jury's verdict is supported by the evidence and, thus, is to be upheld.
The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.