# SPENCE v. TUGGLE.

1. A sheriff, when sued for failing to execute a *capias ad satisfaciendum* can not plead that the plaintiff did not make the affidavit required by statute, to authorize the issuing of such process: the want of the *affidavit* would *not* make the execution *void*, but at most, *only voidable.*

2. In an action against a sheriff for failing to execute final process, if it is necessary to produce the judgment, it would seem that its identity would be proved by its conformity to the process; yet there could be no objection to the clerk, who was its keeper, testifying that it was the judgment he had been required to produce, and that there was no other of a similar character in his office.

3. In an action against a sheriff for neglect of official duty in doing execution, it is no ground for the reversal of a judgment in favor of the plaintiff, that he was permitted to prove the defendant had sufficient property to satisfy the execution: such evidence, uneer any circumstances, (even if unnecessary,) could not prejudice the defendant.

4. The declarations of a defendant in execution, that he had disposed of certain property before the execution was placed in an officer's hands, are not admissible at the instance of the officer, in an action against him for failing to execute it.

5. A sheriff when sued for failing to execute a *ca. sa.*, will not be allowed to prove that himself and deputies had always found difficulty in arresting the defendant therein.

6. It is not error to charge the jury, in an action against the sheriff, for failing to execute a *ca. sa.*, that if the sheriff had reasonable grounds to apprehend the defendant therein would resist him. it was his privilege and duty to summon to his aid such assistance as was necessary to enable him to execute the mandate of the writ.

7. The granting or refusing a new trial, addresses itself to the discretion of the court trying the cause, and an appellate court will not inquire whether

it was rightly refused, or the reasons which influenced the decision were well founded.

Error to the Circuit Court of Talladega.

THIS action was brought to recover damages for alledged neglect on the part of plaintiff in error, as sheriff, in not serving a writ of *capias ad satisfaciendum*, sued out by the defendant in error, on the 2d of January, 1843, for $700, besides damages and costs, on a judgment obtained by him against William Miller, Henry Carter, and John W. Carter, which writ came into plaintiff's hands, as sheriff, for service and execution ; and also for a false return by plaintiff in error, to the *ca. sa.* The declaration contains four counts; the first alledges, that between the 3d of January, 1843, (the day on which the *ca. sa.* came into the sheriff's hands,) and return day thereof, Henry Carter was in Talladega county, and plaintiff in error could have arrested him, but neglected so to do. The second count is similar, except in substituting the name of William Miller, instead of Henry Carter. The 3d count charges negligence, in not arresting William Miller, Henry Carter, and John W. Carter, all of whom were in Talladega county between the 3d of January, 1843, and return day, and could have been taken on the *ca. sa.* The 4th count charges a false return by plaintiff, that neither of these parties were to be found in Talladega county. Plaintiff in error demurred to each count of the declaration separately. The court overruled the demurrers. He then pleaded, 1st. The general issue. 2d. He says *actio non,* because the *ca. sa.* was of no effect, and averred there was no judgment of record upon which it issued. 3d. That the writ was of no effect, on account of their having been no oath made previous to its issuance, as required by the statute ; and defendant in error knew of each irregularity. 4th. That the attorney of the defendant in error, after the *ca. sa.* came into the hands of plaintiff as sheriff, and before, by due diligence, he could have arrested the parties, directed him not to arrest them, by means of which he was forbidden to make the arrest, until it was impossible for him to do so, on account of their escape.

Issue was taken to the 1st, 2d and 4th pleas, and a special replication made to the third plea. That the oath required by statute for procuring the issuance of a *ca. sa.* was made and filed in the clerk's office of Talladega county. This replication was demurred to. Demurrer overruled.

The defendant in error offered in evidence a writ of *ca. sa.* delivered to the plaintiff in error on the 3d January, 1843, also the affidavit and judgment, on which *ca. sa.* issued. The clerk was introduced, who proved there was no other judgment in the court between the same parties, except the one read. Upon this proof plaintiff in error objected to the reading of the *ca. sa.* to the jury, on the ground that it was variant from the judgment ; and thereupon excepted. Defendant in error offered proof, that prior to November, 1842, each of the defendants in the *ca. sa.* resided in Talladega, and owned slaves and other property ; that the slaves, after the *ca. sa.* came into the hands of the sheriff, were seen in the possession of the defendants in South-Carolina. Plaintiff in error objected to the introduction of each part of this evidence—his objection overruled, and thereupon he excepted. Plaintiff in error offered proof, that while the *ca. sa.* was in his hands, defendants therein said they had sold the property ; this, on motion of defendant in error, was excluded, and plaintiff excepted. Plaintiff in error offered as witnesses the former sheriff and deputies, and offered to prove by them, that while in office they often had various kinds of process against defendants in the *ca. sa.*, and it was with difficulty they could find them—they were in the habit of getting out of the way, &c. This proof was excluded, on motion of defendant in error ; and plaintiff excepted. The proof conduced to shew that from the 3d of January, 1843 to the 1st of February, defendant in error directed the sheriff not to arrest defendants to the *ca. sa.* About the 1st of February, defendant in error directed plaintiff to arrest them. The proof also tended to shew that defendants in execution had continued in Talladega until the 1st of March, 1843. A witness testified he saw the deputy sheriff, who was shewn to have the *ca. sa.*, and one of the defendants therein, in conversation together. In charging the jury, the court told them, that if the sheriff had previously made an attempt to arrest said defendants in the

*ca. sa.*, and been resisted by them, or if from circumstances, they were satisfied the sheriff had reasonable grounds to believe he would be resisted by them, in either event it was his privilege and duty to summons to his assistance such aid as he might deem necessary. To which charge the plaintiff in error excepted. The jury returned a verdict for the plaintiff, and judgment was rendered accordingly.

Thereupon, the defendant moved for a new trial upon several grounds, which were particularized, and to sustain the motion, proposed to examine three of the jury, to prove that the charge of the court in an essential point, had been misapprehended by the jury. The court however ruled that the verdict could not be thus attacked : the motion was accordingly denied.

W. P. CHILTON and B. F. PORTER, for the plaintiff in error, made the following points : 1. The demurrer to the three first counts of the declaration should have been sustained. 2. The replication to the third plea is bad. 3. The rulings of the circuit court as shown by the bill of exceptions are erroneous. 4. The testimony of jurors, that under a misapprehension of the Judge's charge, the jury had estimated the damages greatly beyond what would otherwise have been the result.

S. F. RICE, for the defendant in error, remarked, that there could be no available objection to the three first counts of the declaration, or to the replication to the third plea, and that this plea was itself clearly bad.

In respect to the questions arising on the bill of exceptions, he thought the first objection to the evidence was untenable; to the second, he cited Bagby, use, &c. v. Harris, 9 Ala. R. 173 ; 10 Mass. Rep, 476 ; 1 Hill's Rep. (N. Y.) 275 ; 6 Id. 550 ; upon the third cited, 4 Phil. Ev. 386, 395 ; the fourth he thought too clear for argument, and the charge to the jury was sustained by Hallett v. Lee, et al. 3 Ala. Rep. 28 ; Clay's Dig. 443, §§ 32, 33, 34.

COLLIER, C. J.—The three first counts of the declarations state every thing that it is necessary to prove, to entitle

the plaintiff to recover. If they are objectionable for any cause, it is perhaps for setting out the cause of action at too great length, and making some superfluous allegations. But these are not available on demurrer, *utile per inutile non vitiatur*.

It is insisted by the third plea, that the plaintiff is not entitled to maintain his action, because he did not make the necessary affidavit to authorize the issuing of the *ca. sa.* for the failure to execute which, the defendant is sought to be charged; but approved its issuing without an affidavit. The replication denies this, and affirms that an affidavit was duly made—stating how and when. If the plea is good, we cannot very well perceive in what the replication is bad. But we incline to the opinion that the plea does not set up an available bar, and that it was the duty of the sheriff to execute the process. At most, the want of an affidavit made the execution *voidable* only, subject to be set aside at the instance of the defendants therein; but it could not be collaterally impeached by an officer charged with its service.

This brings us to consider the questions raised upon the bill of exceptions. 1. It is not pretended that there is any substantial variance between the judgment and *ca. sa.*, but it is insisted that it was not competent for the clerk to indentify the judgment as that on which the execution issued, by stating that it was the only one between the same parties in his court. If it was necessary for the plaintiff to produce the judgment, we should think it would be sufficiently proved by its conformity to the *ca. sa.*, and that the testimony at most would be superfluous. But if the law be otherwise, we cannot perceive what principle would be violated by permitting the keeper of a record to testify that it was that, which he had been called on to produce, and that there was not another of a similar character in his custody.

2. It might not be necessary for the plaintiff to prove, that the defendants in execution, or either of them, had property in their possession of value sufficient to satisfy it, while it was in the sheriffs hands, in order to charge the latter for a breach of official duty. If the damages sustained by the plaintiff were not so much as the law would perhaps imply, it was competent for the defendant to prove that the defend-

ants in execution were not able to pay the execution, either in whole or in part. This proof might also be rebutted by evidence of the ability of the defendants; but the default being established, the plaintiff would, without reference to the injury sustained, be entitled to nominal damages at least. From this view it follows, that evidence in respect to property in the defendant's possession, no matter at what stage of the trial it was offered, does not warrant the reversal of the judgment. If it was adduced before any proof had been given by the sheriff, that the defendants were unable to satisfy the execution, *if objectionable*, it was at most unnecessary and superfluous—if to rebut such evidence, then it was altogether proper.

3 and 4. The declaration of the defendants in execution, that they had disposed of certain property before the *ca. sa.* was placed in the sheriff's hands, was clearly inadmissible. It may be allowable to prove, that one who was in possession of personal property said, that he was or was not the owner. Such evidence is explanatory of the possession, and is admissible as a part of the *res gesta ;* but when the possession and property are disposed of, the declaration that it was or was not the party's, or that he sold it, cannot be received as evidence ; for the *res gesta* is not continuing.

Evidence to show that the defendant in the present case, and his deputies had always found it difficult to arrest the defendants in the *ca. sa.* would not show that the defendant could not have arrested them under the process in his hands. The same difficulty may not have continued ; at least an effort should have been made to find them.

5. The charge of the circuit court merely asserts that it was the privilege and duty of the sheriff, if he had reasonable ground to believe that the defendants in the *ca. sa.* would resist him in its execution, to summon to his aid such assistance as was necessary to enable him to execute the mandate of the writ. There is no error in this charge.

The refusal of the circuit judge to permit the jurors to testify that their verdict was influenced by a misapprehension of the charge, whether conformable to law or not, furnishes no ground for the reversal of the judgment. The granting, or the refusal of a new trial addresses itself to the discretion of

the court trying the cause, and an appellate court will not inquire whether it was rightly refused, or the reasons which induced the decision were well founded. There is no error in the record, and the judgment is consequently affirmed.