## WALKER vs. BLASSINGAME.

1. Where objection is made to the admission of evidence on specific grounds stated by the party, this court will only examine those, to which the attention of the primary court was directed.

2. The circumstance that a witness, who is called to testify to the declarations of another, cannot state the precise time or place, or the names of the persons present, goes only to his credibility, and not to the admissibility of the testimony.

3. The declarations of a party in possession are not admissible evidence to disprove a title claimed under him ; as, that he had not given and did not intend to give the property to the person, against whom the declarations are offered.

4. The power to grant or refuse a new trial is one of pure discretion with the primary court, and it may, in the exercise of that discretion, impose terms on the party, in whose favor the verdict is rendered, as a condition upon which a new trial will be refused.

Error to the Circuit Court of Talladega. Tried before the Hon. Thos. A. Walker.

McAFEE, for the plaintiff in error:

1. The court should have excluded from the jury the testimony of Barclay in reference to the declarations of David Walker, deceased, because the witness did not and could not state the times and places, and the persons in whose presence the declarations were made.

2. The court should have permitted the defendant to prove by said witness the declarations of David Walker, deceased, made in conversations other than those called out by the plaintiff, going to show that he had never given or intended to give the slave Jude to the wife of the plaintiff.—Oden v. Stubblefield, 4 Ala. 40; Bliss v. Winston, 1 ib. 344; 2 Phill. Ev. (C. &. H.'s notes,) 592-600; 6 Caines R. 106; 5 Harr. & Johns. 51; 3 Car. & P. R. 395; McBryde v. Thompson, 8 Ala. 650, and cases there cited ; Webster v. Smith, 10 Ala. 431.

3. The plaintiff in error was entitled to a new trial, as is manifest by the terms the court imposed on the defendant in error, as a condition on which the application would be refused, and the condition being such as the court had no authority to make,

the plaintiff had a right to treat them as a nullity, and to insist on the order as the grant of a new trial, divested of the condition.

RICE & MORGAN, for the defendant:

1. The declarations of a donor, made *after he has made a gift*, are not competent evidence *for him*—although the declarations may be made whilst he was in possession of the property given, —especially when it is proposed to prove by those declarations that *he said he had never given* the property.—Nelson v. Iverson, at the present term, by Judge Chilton ; Powell v. Olds, 9 Ala. 865.

2. The first objection made by plaintiff in error is based " upon *the ground* that the witness did not specify the times and places at which these conversations were had, and did not state what persons were present."—This was the *only ground* of objection.   By thus specifying *one ground* of objection, the party admits "that in all other respects they were competent testimony."   There is no merit in *that ground* of objection, and the court properly overruled it.—Creagh v. Savage, 9 Ala. 959.

3. The settled law of this court is, that the action of the Circuit Court in refusing a new trial, will not be revived.   It is matter of discretion and not revisable.—Spence v. Tuggle, 10 Ala. 538.

DARGAN, C. J.—This was an action of detinue, brought by Jesse Blassingame against Martha Walker, to recover three slaves, Jude and her two children.   A judgment was rendered in favor of the plaintiff for the slaves or their alternate value. In the progress of the trial, a bill of exceptions was sealed by the presiding judge, from which it appears that the slave Jude originally belonged to David Walker who is now dead, that the defendant is his widow, and that the plaintiff intermarried with his daughter.   The plaintiff introduced A. R. Barclay as a witness, who testified that in a conversation he had with David Walker, at his house, in the year 1837 or 1838, Walker stated that he had given the negro girl Jude to his daughter, the wife of the plaintiff, and that the plaintiff came to carry her home, but about the time he was starting, *she gave him the slip*, or *slipped away from him*.   At the time of this conversation, Walker was in possession of the slave Jude, and continued in

possession until his death. This witness further stated that he had frequently heard David Walker make the same statement, or statements of like import, at different times between the years 1837 and 1843, but could not state the precise time or place when and where such statements were made, nor who was present, except the statement made in the conversation at the house of Walker, when the defendant, who was his wife, was present. The defendant objected to the declarations of Walker going to the jury as evidence, on the ground that the witness did not remember the time and place when made, nor who was present, but the court overruled the objection and the defendant excepted.

If there was no other evidence of title introduced by the plaintiff than the declarations of Walker, it would be very clear that the plaintiff had failed to make out his case; for it is a well settled rule of law that to perfect a parol gift of personal property, the donor must deliver possession either to the donee or to some one for him. The donor must part with the possession and control of the property, and if he do not, the gift is incomplete, and the donee cannot maintain an action against the donor or those those claiming under him to recover possession.— Phillips v. McGrew, 13 Ala. 255; Pope v. Randolph, adm'r, ib. 214; 1 Stewart & Port. 56; 2 Ala. 117. But the objection to the evidence does not present the question of its sufficiency to establish a title in the plaintiff *in the absence of all other proof*, nor is the legality of the evidence on that ground objected to; the sole ground of the objection is that the witness could not state the time and place when and where these declarations were made by Walker, *nor who was present*, except only the statement made at Walker's house, further than that they were made between the years 1837 and 1843. We must, therefore, confine ourselves to this ground of objection; for it is the well settled rule that if evidence be objected to for specific reasons or grounds stated by the party objecting, we can only examine whether those reasons or grounds render the evidence illegal.— Creagh v. Savage, 9 Ala. 959. Indeed, the specification of the grounds of objection to testimony must be considered as an admission that the evidence in other respects is legal; otherwise, the party objecting might frequently reverse a judgment on a point never decided in the court below, and which, if presented, the other party might have avoided, by waiving the testimony

Walker v. Blassingame.

objected to, or rendering it competent by the introduction of other proof. Looking then to the ground of objection alone raised in the court below, there was no error in refusing to exclude the testimony. The declarations of a party in possession against his interest are evidence against himself, and those who claim under him, and this is the character of the declarations objected to by the plaintiff in error. That the witness who testifies to such declarations cannot remember the time when or the place where they were made, is a circumstance going to the credibility of his testimony, but it cannot, render the declarations themselves inadmissible.

The defendant then offered to prove, that at many other times, both before and after the times spoken of by the witness, Walker had stated that he had not and did not intend to give the slave Jude to the plaintiff's wife. The plaintiff objected to the admission of these declarations and the objection was sustained. The question presented by the exception has been so often decided by this court that it cannot now be considered open to controversy. We have repeatedly held that the declarations of one in possession, explanatory of his possession, as that he held in his own right, or as agent or tenant of another, or that he claimed the property absolutely or in fee, or other less estate, are admissible, as showing the extent or character of his possession.—McBryde & Wife v. Thompson, 8 Ala. 650 ; Gary v. Terrell, 9 ib. 206; Mawhinney & Smith v. Thompson, decided at the present term. But when the declarations are not merely explanatory of possession, but are offered to disprove a title derived from the declarant, as that he had given no title, or that the conveyance was fraudulent, they are inadmissible as evidence in favor of the party making them.—Powell v. Olds, 9 Ala. 865; Nelson v. Iverson, at the present term, and cases there cited. Tested by these well settled principles, the court did not err in rejecting these declarations.

In reference to the question growing out of the refusal of the court to grant a new trial, we will merely say, that it is a matter purely of discretion in the court below, whether a new trial shall be granted or not.—Spence v. Tuggle, 10 Ala. 538. It being a matter of discretion, the court may impose terms on the party in whose favor the verdict is rendered, as a condition upon which the motion for a new trial will be refused, and if the

party comply with these terms and a new trial be refused, the grounds of the refusal cannot be reviewed in an appellate court. There is no error in the ruling of the court, and the judgment must be affirmed.