# Ballard *v.* Bank of Roanoke.

### *Ejectment.*

(Decided May 14, 1914. 65 South. 356.)

1. *Deeds; Description; Sufficiency.*—The deed containing the following description. "S. W. S. E. Sec. 29, & N. ½ N. E. Sec. 32 * * * * T. 19, R. 13," describes the southwest quarter of the southeast quarter of section 29, and the north half of the northeast quarter of section 32, in township 19, range 13, and is sufficient.

2. *Same; Certified Transcript; Admissibility.*—Under the provisions of section 3374, Code 1907, as amended by Acts 1909, p. 14, a certified transcript of a deed was properly received in evidence on proof of the absence of possession or control of the deed by the party offering the transcript.

3. *Stipulation; Construction and Effect.*—Where, by written agreement of counsel, the adverse party was exempted from the obligation or necessity of proving the due execution of an instrument, the court propery received in evidence a certified copy of the instrument, thereby giving effect to the agreement.

4. *Appeal and Error; Review; Ruling on Evidence.*—Where exception was reserved to the action of the court in allowing the question to be answered on condition that the testimony was admitted subject to subsequent motion to exclude, but no exception was reserved to the admission of the evidence, the ruling is not reviewable on appeal.

5. *Trial; Ruling on Evidence; Time.*—It is much the better practice for the court to rule positively one way or the other when evidence is offered; where the court desires time to consider objections to evidence, it should suspend the introduction thereof until it has reached a conclusion.

6. *Husband and Wife; Abandonment; Mortgage of Wife's Property.*—On the issue whether a husband had abandoned his wife in such a sense as to permit her to execute a mortgage without his assent, (Code 1907, section 4494) evidence that the husband and wife did not occupy a common room, but that they slept apart in the same house was not admissible.

7. *Mortgages; Adverse Possession; Element.*—One who asserts possession in subordination to the mortgagee's right cannot acquire title by adverse possession so as to defeat the title of the mortgagee.

8. *Ejectment; Adverse Possession; Instructions.*—Where a defendant relied on adverse possession for ten years under color of title to defeat statutory ejectment, a charge which did not hypothesize an adverse possession by defendant at the time of the execution of a mortgage relied on by plaintiff was properly refused.

APPEAL from Randolph Circuit Court.

Heard before Hon. M. SOLLIE.

Ejectment by the Bank of Roanoke against Joshua Ballard. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following are the charges referred to:

Charge given for plaintiff:

I charge you gentlemen of the jury that, if you believe from all the evidence in the case that at the time defendant claims to have gone into possession of the lands described in the complaint he did so in subordination of the mortgagee's rights in the case by agreeing to pay part of the mortgage debt, then you would find against the defendant on the question of adverse possession.

Charge A1, refused to defendant:

I charge you that, if you are reasonably satisfied from the evidence that Joshua Ballard was in possession of the lands sued for at the time the mortgage was executed to the bank of Roanoke, and that at such time J. M. Ballard's wife, E. E. Ballard, was not in possession of said land, your verdict will be for defendant.

STELL BLAKE and CORNELIUS & CORNELIUS, for appellant. The description was insufficient.—13 Cyc. 543; 74 Am. St. Rep. 658; *Griffin v. Hall,* 111 Ala. 601; *Goodwin v. Foreman,* 114 Ala. 489. Defendant was therefore entitled to the affirmative charge. There was nothing in the evidence from which the jury could infer reasonably that defendant was holding in recognition of the rights of plaintiff, and it appeared without conflict that he had been holding under color of title for more than ten years.—*Malone v. Arndt,* 116 Ala. 119; *Farmer v. Eslava,* 11 Ala. 1028. In any event, defendant was entitled to the benefit of charge F.—*Gary v. Woodham,* 103 Ala. 423. The provisions of § 3374, Code 1907, had not been complied with, and the court improperly admitted the certified transcript of the deed.

[Ballard v. Bank of Roanoke.]

R. J. HOOTEN, for appellee. The description was sufficient.—130 Ala. 601; 121 Ala. 323. Both parties claim from the common source and both are estopped from denying or disputing the title of the common source.— 107 Ala. 533; 107 Ala. 170; 103 Ala. 385; 99 Ala. 60; 98 Ala. 480. Plaintiff came within the provisions of § 3374, Code 1907, and the court properly admitted the transcript of the deed.—See citations to that section. In any event, the court was merely giving effect to the written agreement of the parties representing the defendant. Counsel discusses other assignments of error, but without citation of authority.

McCLELLAN, J.—Statutory ejectment by appellee against appellant. Plaintiff would trace its title through the conveyance from defendant, Joshua Ballard, to E. E. Ballard, executed August 24, 1896, and a mortgage for $1,000, still unsatisfied, executed by E. E. Ballard and J. M. Ballard January 26, 1900, to the Bank of Roanoke. The defense asserted was adverse possession of ten years under color of title afforded by an agreement or contract between Joshua and E. E. Ballard. And it may be here stated that the evidence made the solution of the issue raised by the defense indicated a question for the jury.

The land in suit is thus described in the deed of August 26, 1896, "S. W. S. E. sec. 29 & N. ½ N. E. sec. 32," and, with a number of similar quarter calls intervening, these letters and figures occur in the deed, "T. 19, R. 13." Common knowledge and experience in this state renders absolutely certain the meaning of the permissible abbreviations quoted from the deed. In land parlance here the calls describe the *southwest quarter of the southeast quarter of section 29,* and *the north half of the northeast quarter of section 32.* The frame of the descriptive part of the deed leaves no

doubt that the abbreviated reference to *township 19, range 13,* was intended and did, in fact, refer to the sections before mentioned (29 and 32) in that *township* and *range.*

The certified transcript of the deed of August 24, 1896, was properly received in evidence.—Code, § 3374 (amended Acts Sp. Sess. 1909, p. 14). See *Freeman v. Blount,* 172 Ala. 655, 55 South. 293. We cannot affirm that the trial court was in error in holding the proof of the absence of plaintiff's (a corporation) possession or control of the deed in question sufficient to meet the condition of the statute. There was no error in admitting this transcript in evidence.

The court properly received in evidence the certified copy of the mortgage executed by E. E. Ballard and J. M. Ballard to the Bank of Roanoke. The court, in so doing, but gave effect to the written agreement of the counsel who then represented the defendant. This agreement clearly exempted plaintiff from the obligation or necessity to prove due execution of the mortgage.

The question whether the court erred in allowing the plaintiff to show that defendant (who testified as a witness in his own behalf) had been convicted of adultery, for the affimatively limited purpose of affecting the credibility of the witness, is not presented by the bill of exceptions. The court made a conditional ruling when the question indicated was propounded to the witness; the condition being that it was admitted subject to subsequent motion to exclude. There was exception to this action of the court. Subsequently the court allowed the evidence for the limited purpose indicated, and there was no exception reserved. The exception that was reserved, as stated, was rendered abortive by the condition attached to the ruling and by the limitation later made by the court.

[Ballard v. Bank of Roanoke.]

The practice is better always to rule positively one way or the other, and, if the court desires to consider the matter of objection further, to suspend the introduction of the evidence until the court has reached a conclusion.

Whether at the time the mortgage to the bank was executed and delivered Joshua Ballard had abandoned his wife, E. E. Ballard, so as to avert the legal consequences of his failure to assent to his wife's execution of the mortgage (Code, § 4494), was a disputed matter of fact between the parties. On the theory that such evidence had a tendency to establish abandonment of the wife by the husband, plaintiff was allowed to offer evidence to the effect that the persons did not occupy a common apartment, but that they slept apart in the same house. This was error.—*Fritz v. Fritz.*, 138 Ill. 436, 28 N. E. 1058, 14 L. R. A. 685, 32 Am. St. Rep. 156.

The charge given at the instance of the plaintiff was properly given. It is manifest that, if the defendant's asserted possession was "in subordination" to the mortgagee's (bank) rights, it could not have been adverse so as to defeat the title the mortgage purported to convey. There was a tendency of a phase of the evidence upon which the hypothesis of this charge could be predicated.

A fault of charge A1, refused to defendant, is that it did not hypothesize an *adverse* possession by defendant at the time the mortgage was executed. It was well refused.

There was no error in refusing the other special charges requested for defendant.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.