181 So.2d 508

Bessie Lee **FOUNTAIN**

v.

**VREDENBURGH SAW MILL COMPANY.**

I Div. 311.

Supreme Court of Alabama.

Nov. 18, 1965.

Rehearing Denied Jan. 6, 1966.

John M. Coxwell, Monroeville, for appellant.

Ralph L. Jones, Monroeville, for appellee.

SIMPSON, Justice.

This proceeding was initiated as a bill to quiet title to real property filed by Vredenburgh Saw Mill Company against the appellant in 1954. After a trial on the merits the court rendered its decree in November, 1964. The appellee sold the lands in question while the case was pending in the court below. No explanation is given as to why it took over ten years to dispose of the case.

The assignments of error are as follows:

1. The Court erred in rendering a decree under Title 7, Section 1109 et seq. adjudicating the rights and claims of the

parties at the time of the filing of the suit instead of adjudicating the rights and claims of the parties at the time of the rendition of the decree.

2. The Court did err in overruling the motion of appellant calling to the attention of the court that appellee, Vredenburgh Saw Mill Company, a corporation, had transferred or conveyed all of its interest in the lands involved in this cause subsequent to its filing of the suit, thus informing the court that the necessary parties were not before the court for the rendition of a proper decree in the cause.

3. The Court erred in rendering a decree in favor of appellee, a dissolved corporation not by judicial decree, over five years after its dissolution.

4. The Court erred in rendering a decree in a cause where necessary parties were not before the court.

5. The Court erred in rendering a decree to quiet title where the appellee failed to make proof of peaceable possession, actual or constructive.

■■■ Appellant's entire argument is as follows:

"Assignment of Error #1

"The trial Court was fully aware that the necessary parties to the cause were not before the Court since the appellee had sold its interest in the lands after suit was filed and attempted to render a decree quieting title as of the time of filing suit instead of the required adjudication of the rights of the parties as of the time the decree was rendered. There was at the time the decree was rendered no appellee in existence.

"Assignment of Error #2

"A decree was rendered by the trial Court without necessary parties before the Court. The appellee sold its interest in the lands after suit was filed and no proof was offered that it was still interested due to withholding a part of purchase price or by virtue of a warranty of title. Upon the sale of appellee corporation it lost its right to further prosecute the suit, all of which was called to the attention of the trial Court.

"Assignment of Error #3

"Corporations do exist after dissolution by statute for a period of five years for the purpose of prosecuting or defending suits, but not for a period of ten years. The effect of the statute Title 10, Section 110, is to prevent abatement of pending suits and to allow the absorbing corporations, at its election, to be substituted by amendment and prosecute the suit in its name.

"Assignment of Error #4

"From the testimony of the witnesses for the appellee, Fred Burgess (Tr. 33) and Lee Thomas (Tr. 79), the appellee had no interest in the lands involved in this proceeding, and thusly there were necessary parties interested in said lands not before the Court.

"Assignment of Error #5

"There is no question from the evidence before the Court that appellant was in actual possession of at least ten acres of the land involved in this proceeding. There was certainly no peaceable actual possession, on the part of appellant as to the ten acres upon which appellant lived. There could have been no constructive possession on the part of appellee under a deed acquired from the Register of the Court out of a partition and division where the necessary parties to said action were not before the Court to render a valid judgment in the cause."

The argument as presented in appellant's brief does no more than repeat the assignments of error and express an opinion that the action of the court was erroneous. We must conclude therefore that it falls far short of sufficient compliance with Rule 9 of this Court which provides that assignments of error not substantially argued in brief will be deemed waived and will not be considered by this Court. We are not inclined to adopt a stringent attitude with regard to the rules of the Court, and have not done so in the past. However, substantial compliance must be required or the rules will become meaningless. Holley v. Josey, 263 Ala. 349, 82 So.2d 328; Morgan v. Cherokee County Board of Education, 257 Ala. 201, 58 So.2d 134; Alsup v. Southern Mfg. Co., 248 Ala. 405, 27 So.2d 781; Ala. Digest, Appeal & Error, ⚫758(3); 1079.

■■ We might note, however, as pure surplusage that we have carefully considered the record and do not find the appellant's position tenable. The matters assigned as error were not raised in the proceedings below. The record is totally void as to any ruling of the court on any matter complained of in the assignments of error. No ruling was made on the issue of the complainant below having parted with title or having become a dissolved corporation pending the final conclusion of the case. The pleadings and the trial confined the case to a simple factual question of adverse possession (and other matter not raised in the assignments of error). The questions were resolved against the appellant. New matter may not be raised for the first time in this Court and in the absence of a ruling by the court below there is nothing for us to review.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.