BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted and convicted in Jefferson County of murder in the first degree. The jury fixed punishment at life imprisonment. He appeals from an entry of judgment on the verdict.
It appears that defendant entered one of the buildings at Miles College looking for work. He approached a female student and told her he was looking for employment. She directed him to another building. After he had gotten outside the room, he came in contact with Dr. Max B. Crute, an instructor. Together they came back in the room, whereupon Dr. Crute agreed to show him where to go to get the employment. Just outside the door, defendant attacked Dr. Crute with a screwdriver which defendant had in his possession. Dr. Crute died from wounds that defendant inflicted with the screwdriver. So far as the record reveals, there was no reason for the attack. Defendant was convicted on a plea of not guilty and not guilty by reason of insanity.
The trial court determined that defendant was an indigent and appointed a lawyer to represent him in the ferial. Subsequently another local attorney advised the court that the mother of the defendant had employed him to represent her son. Appointed counsel was relieved of his appointment at which time the employed counsel took over the case.
After the conviction and appeal, the trial court appointed Walter W. Furner, an attorney, to represent appellant on appeal. The appointed counsel has filed an elaborate brief asserting three contentions of error to which we will write seriatim.
I
“That in the circumstances of this case, the appellant was denied his constitutional guarantee of individual freedom by denial of assistance of effective and reasonably competent counsel.”
We do not find that this issue was raised in the lower court, and no ruling of the trial court thereon is here presented.
Our appellate courts have held that new matter may not be raised for the first time in the appellate courts. Alabama Digest, Vol. 7, Criminal Law, «=>1030(1)(2); Scroggins v. State, Ala.Cr.App., 341 So.2d 967, *1181 cert. denied, Ala., 341 So.2d 972; Cole v. State, Ala.Cr.App., 337 So.2d 40, cert. denied, Ala., 337 So.2d 47; Cooper v. State, Ala.Cr.App., 331 So.2d 752, cert. denied, Ala., 331 So.2d 759; Fountain v. Vredenburgh Saw Mill Company, 279 Ala. 68, 181 So.2d 508; Alabama Digest, Vol. 2, Appeal and Error, 3=» 169. The Supreme Court, on appeal, will not consider constitutional questions not raised in the court below. Howard v. Pike, 290 Ala. 213, 275 So.2d 645; Alabama Digest, Vol. 2, Appeal and Error, 3=170(2).
II
“That in the circumstances of this case, appellant was denied his right to a speedy trial.”
The right of a speedy trial is a state and federal mandate provided by the United States Constitution, Amendment VI, and Alabama Constitution (1901) § 6.
The Supreme Court of the United States in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, set out four principles that control. They are:
1. Length of delay.
2. Reason for delay.
3. Defendant’s assertion of his right.
4. Serious prejudice to the defendant.
It appears that the homicide was committed on November 21, 1975, at which time defendant was immediately arrested and committed to jail where he remained until trial date except while he was committed to Bryce Hospital for mental examination.
An indictment for the offense of murder in the first degree was returned at the March 1976 term of the circuit court. The indictment was filed on April 2, 1976. It does not appear that there was any unusual delay in reporting the indictment.
Was there any serious prejudicial or unreasonable delay between the indictment and the filing of the motion to dismiss the indictment because defendant was not afforded a speedy trial?
It is to be noted that the motion to dismiss was filed by employed counsel and called to the attention of the court on May 13, 1977, and set for hearing on June 13, 1977, at which time it was overruled. No subsequent motion was presented or filed. The time element involved is between the date of the indictment on April 2,1976, and June 13, 1977, when the motion was overruled.
The record shows that on June 23,1976, a physician certified to the court that defendant was not competent to stand trial.' On July 6, 1976, the court ordered defendant committed to Bryce Hospital in Tuscaloosa for custody pending restoration to his right mind. On October 28, 1976, the Forensic Evaluation Board and the superintendent reported to the court that he was so restored.
The record shows that on February 11, March 24, April 21, and May 24, in the year 1977, the court passed the case to be reset.
Between the dates October 28, 1976, when the hospital reported defendant was competent to stand trial, and May 21, 1977, the record fails to show why the case was passed. It fails to show any effort made by defendant’s counsel to get the case tried. Nor, for aught appearing, was any objection made to the continuances. So far as this record discloses, no evidence was taken on the motion to dismiss. For aught appearing, no serious prejudice resulted to defendant. There is nothing to indicate that the court acted unfairly in the several continuances that were addressed to its sound discretion. In view of the state of the record, we are unwilling to say that defendant was denied a speedy trial in violation of his constitutional rights. Barker v. Wingo, supra.
Ill
 We quote appellant’s third contention of error. “That appellant was denied due process by not having a hearing and determination of his competency at the time of the homicide and arraignment.”
Appellant makes the point that at the time defendant was arraigned, he had been declared incompetent to stand trial; therefore, the entire proceeding is null and void.
*1182 At the time of arraignment, defendant was represented by appointed counsel who entered a plea of not guilty for his client. Later, another plea of not guilty by reason of insanity was entered with the approval of the court. The latter plea was filed by employed counsel.
These two pleas were sufficient to raise adequate defense issues upon which the case was tried. We fail to see what other defense was available to defendant. We are unwilling to say that the “proceedings” were void.
Appellant further asserts that reversible error occurred when the court overruled appellant’s motion to determine his sanity. We fail to find any such motion. The motion cited is one to dismiss the indictment on the several grounds stated. The third ground is that defendant was insane.
But regardless of the absence of a motion to have defendant observed and tested for insanity, the trial court did on July 6, 1976, have defendant committed to Bryce Hospital for a mental examination. The Forensic Evaluation Board reported their findings on October 28, 1976.
It appears to us that the trial court acted within the bounds of law in seeing that defendant received a proper sanity examination. Defendant had employed counsel to assert his legal rights. The court respected the authority of defendant’s counsel to try the case and present issues in the manner provided by law. If the defense counsel made any mistakes or was guilty of omissions, the trial court was not to blame.
In our opinion, the judgment should be affirmed. It is so ordered.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a Retired Circuit Judge, serving as a Judge of this Court under the provisions of § 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.