This is an appeal by plaintiff, Thomas Jerry Stephens, from judgments entered in favor of defendant, Central of Georgia Railroad Company, and third-party defendant, Jordan Industries, Inc. We affirm.
Jordan Industries, Inc. (hereinafter Jordan, Inc.) is chiefly engaged in the pile-driving business. In July and November, 1974 the Central of Georgia Railroad Company (hereinafter the Railroad) contracted Jordan, Inc. to drive old discarded rails into the ground beside the Railroad's tracks to stabilize the roadbeds. These agreements were memorialized in two service orders issued by the Railroad. Jordan, Inc. undertook the work under the first contract with a small crew consisting of a foreman pile driver, a crane operator, and two laborers. The second service order, however, provided for an assistant foreman pile driver, a crane operator, and two laborers. One of the laborers was the plaintiff, Thomas Jerry Stephens. The Railroad under both contracts furnished a representative who was present at all times as the work progressed. It appears that this representative kept up with train movements in the area, and saw that the rails were driven in the proper areas. Jordan, Inc. provided most of the equipment, although the rails to be driven into the ground and a "dolly" on which Jordan, Inc.'s air compressor was transported along the tracks were furnished by the Railroad.
Work under the first contract was uneventful. However, on the last day of the job under the second contract an accident occurred. As the equipment was being placed upon a Jordan, Inc. truck in preparation for the trip home to Ozark, Alabama, the plaintiff climbed onto the air compressor to tie down the engine covers. He apparently slipped and fell to the ground seriously injuring his ankle.
Plaintiff brought the present action against the defendant under the theory that he was an employee of Railroad and therefore was subject to the Federal Employers' Liability Act,45 U.S.C.A. § 51 et seq. (1970 ed.). The Railroad filed a third-party complaint against third-party defendant, Jordan, Inc., on the strength of an indemnity agreement between the parties which said that should the Railroad be sued by a Jordan, Inc. employee, Jordan, Inc. would indemnify the Railroad. Trial was had before a jury November 7-10, 1977, after which the jury returned verdicts in favor of the Railroad in the main action, and for Jordan, Inc. in the third-party action. From the judgment for the Railroad the plaintiff appeals.
The Federal Employers' Liability Act, supra, provides in § 51 that:
 Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
That same section defines the term "employee" in this fashion:
 Any employee of a carrier, any part of whose duties as such employee shall be [in] the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall . . . be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter. *Page 194 
The central issue at trial concerned whether or not the plaintiff was an employee of the Railroad under the terms of this section. It is apparent from the jury verdict that the issue was answered in the negative. The plaintiff on this appeal however contends — among other things — that the verdict was fatally tainted by the admission into evidence over objection of Jordan, Inc.'s exhibit DJ-6.
Jordan, Inc.'s exhibit DJ-6 was a copy of a letter purportedly prepared by Mr. D.R. Jordan, Vice-President of Jordan, Inc. at the direction of his father, Mr. H.C. Jordan, President of Jordan, Inc. The letter was introduced into evidence to rebut the plaintiff's inference that the change from the "Foreman" classification in the first service order to the "Assistant Foreman" classification in the second service order necessarily implied that the Railroad representative would be the person in control of the Jordan, Inc. crew. This arguably would have made the plaintiff an employee of the Railroad under the terms of the FELA. Exhibit DJ-6 however tended to show that the change in job classifications had in fact already occurred under the first contract and only for reasons of economy. The pertinent text of this exhibit is as follows:
July 23, 1974
 Mr. J.C. Waldrop Division Engineer Southern Railway System P.O. Box 1417 Columbus, Georgia 31902
 Re: Service Order # 905294 Requisition # 11532 and 11533 Montgomery District Roadway Stabilization
Dear Mr. Waldrop:
 Please find enclosed a copy of our Invoice for first week of work in reference to roadway stabilization period.
. . . . .
 Please note than Purchase Order calls for a Foreman, Operator and 2 Laborers. We feel this operation can be accomplished with one man less than the Purchase Order allows. Therefore, we will use a classification of Assistant Pile Driver Foreman, which is cheaper than the regular Pile Driver Foreman authorized. We will also decrease number of laborers authorized from 2 to 1.
. . . . .
Plaintiff Stephens lists several reasons why he feels the court erred in overruling the objection to the admission of this exhibit into evidence. The defendant however raises a threshold issue which we must first address: whether or not these matters were properly raised below so that they are before us on this appeal. Brown v. Robinson, 354 So.2d 272
(Ala. 1978).
Rule 4 (a)(3), ARAP, provides that "[a]ny error or ground of reversal or modification of a judgment or order which was asserted in the trial court may be asserted on appeal without regard to whether such error or ground has been raised by motion in the trial court under Rule 52 (b) or Rule 59 of the ARCP." (emphasis added). See also State v. Long, 344 So.2d 754,757 (Ala. 1977). Plaintiff argues that all of the grounds supporting the objection, and ably set out in brief, were raised and argued in chambers, and were ruled upon there. This may well be the case. However, whether or not there were objections and rulings upon those objections in chambers is irrelevant to this appeal when the record does not reflect them. In effect appellate courts are prisoners of the record and the occurrences in chambers and off the record are outside our purview unless the trial court or attorneys make certain that we are privy to them. See King v. Smith, 288 Ala. 215,259 So.2d 244 (1972). Nor does the plaintiff's contention that these same objections were made in their motion for new trial make them available for review. Even if they were — and, again, the record does not so reflect — such objections would have come too late for us to review them here. Rule 4 (a)(3), ARAP requires that such objections must be asserted in the trial. At the time a motion for new trial is raised under Rule 59, ARCP the trial is over. This is why we call a Rule 59 motion a "post-trial motion." This rule is based on solid policy reasons. *Page 195 
The trial court must have an opportunity to pass on these evidentiary issues during the course of the trial. If the rule were otherwise the party raising the issue for the first time after trial might reverse a judgment on a point, which, if presented below the court may have avoided by excluding the evidence, or which the other party might have avoided by waiving the testimony objected to, or by rendering it competent by the introduction of other proof. Cf. T.R. Miller Mill Co. v.Ralls, 280 Ala. 253, 192 So.2d 706 (1966) citing Walker v.Blassingame, 17 Ala. 810 (1850). This is also why it has long been settled that in reviewing the action of the trial court in overruling objections we will only consider the grounds of objection assigned when the objection was made, Cook v.Latimer, 279 Ala. 294, 184 So.2d 807 (1966); Marigold Coal,Inc. v. Thames, 274 Ala. 421, 149 So.2d 276 (1963), and why, once a specific objection is made the party will be confined to the particular ground stated in the lower court and will be held to have waived all other grounds of objection. McDuffie v.Hooper, 294 Ala. 293, 315 So.2d 573 (1975); Adams v. State,291 Ala. 224, 279 So.2d 488 (1973); T.R. Miller Mill Co. v. Ralls,280 Ala. 253, 192 So.2d 706 (1966). Hence the defendants' argument is well taken and we can consider on this appeal only those objections raised below. From the record we are able to find three possible objections to the exhibit which we shall address in turn:
 A) At a point in the questioning of Mr. H.C. Jordan — prior to the letter's introduction — the plaintiff objected to testimony concerning a change or changes in the first contract on the ground that pursuant to his December 30, 1975 Request for Production, see Rule 34 (a), ARCP, all contract documents under which the plaintiff was injured should have been in his possession. The judge stated that the matter had already been taken up in his office and overruled the objection. We hold that such a ruling was not in error. In brief the plaintiff treats this objection as one also aimed at a violation of the pretrial order under Rule 16, ARCP. That order required that documents intended for use at trial be made available to the opposing party at least 10 days prior to trial. We need not address whether or not the pretrial order ground is also before us for in either case preclusion is a matter of judicial discretion. See e.g., Napolitano v. Compania Sud Americana DeVapores, 421 F.2d 382 (2nd Cir. 1970); 6 Wright Miller,Federal Practice and Procedure: Civil, § 1527 (1971). Nor do we find an abuse of discretion in this instance. The scope of both the request for production and the pretrial order can only be reasonably interpreted as calling for production of those documents pertaining to the second contract, i.e., the contract under which the plaintiff was injured. The exhibit in question however can only reasonably be interpreted as a modification of the first, or July contract.
 B) Following the above objection Mr. H.C. Jordan was questioned by plaintiff on voir dire. At that time plaintiff objected to the letter on the ground that the witness did not prepare the letter. There was no ruling. This specific objection was, if anything, premature as at that point the exhibit had not been offered into evidence. Further, and most fatal, there was no ruling by the court coincident to this objection so as to preserve this particular ground for review. See e.g., Small v. State, 348 So.2d 507 (Ala. 1977). As we have long held, the absence of a ruling by the trial court leaves us nothing to review. Fountain v. Vredenburgh Saw Mill Co.,279 Ala. 68, 181 So.2d 508 (1965); Fallaw v. Flowers, 274 Ala. 151,146 So.2d 306 (1962); Sanders v. Sanders, 342 So.2d 380
(Ala.Civ.App. 1977). In instances such as this it is incumbent upon the party offering the objection to request of the court a ruling. It is error for the court to then refuse to rule on a proper objection although he may defer the ruling until he has had the opportunity to consider the problem, but in such a case he can wait no longer than the close of the trial. See Gamble,McElroy's Alabama Evidence (3rd ed. 1977) § 428.01 (1); Ballardv. Bank of Roanoke, 187 Ala. 335, 65 So. 356 (1914). *Page 196 
C) Following the previous objection defendant elicited testimony from Mr. Jordan that the letter had been discussed with his son and had in fact been authorized by him. Defendants at that point offered the letter into evidence at which time the plaintiff objected on the ground of "blatant hearsay." This objection was overruled and the letter admitted. Hearsay is defined as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." Cleary, McCormick on Evidence, § 245, p. 584 (2d ed. 1972); see 5 Wigmore, Evidence § 1361 (Chadbourne Rev. 1974); Gamble, McElroy's Alabama Evidence (3d ed. 1977). In this instance we in no way find the probative force of this evidence to depend on the competency and credibility of some person other than Mr. H.C. Jordan. The testimony elicited during the voir dire established without rebuttal that the witness discussed, directed and authorized the letter. He was present, under oath, and available for cross-examination by plaintiff and we find from the record that plaintiff took ample advantage of this opportunity. Therefore having found no merit in this objection nor the other objections to this exhibit we hold the trial court was not in error in overruling those objections.
 Next plaintiff contends that the trial court erred in excluding testimony by the plaintiff that he purportedly offered on the issue of whether or not the plaintiff was an employee of the Railroad. He contended on appeal that this evidence tended to show that Jordan, Inc. was under the control of the Railroad. However at trial the contention was not so evident. Immediately preceding the offer the plaintiff testified that following his recovery he returned to Jordan, Inc. to seek reemployment. Mr. H.C. Jordan apparently was prepared to place him back on the payroll when the instant lawsuit came to his attention. At that point in the testimony the following took place:
 Q (By Mr. Williams) Did Mr. Jordan say, after his son brought that to his attention —
 MR. HARRIS: I object. It is not material or relative to the issue that we are trying here today.
MR. RUTLEDGE: May I state the relevancy of it?
THE COURT: All right.
MR. RUTLEDGE: It is relative because —
 MR. HARRIS: Judge, we are going to make a jury argument. May we approach the bench?
 THE COURT: All right, come up here. (Discussion at bench.)
 MR. RUTLEDGE: It is relevant because Johnston is going to testify that he indicated Mr. Stephens to go back to work January 6, 1975 and we want to show why he had to return to work on that date. It goes to the question —
 MR. HARRIS: Any employer has the right to employ or not employ anybody it wants to.
 MR. WILLIAMS: Your Honor, he just told the man that he would put the man back to work the following Monday and I want to show why he didn't put him back to work.
 THE COURT: I think it is prejudicial and has nothing to do with the lawsuit and then you are going to try to get damages because he wouldn't give him the job back.
 I think it is highly prejudicial. I will sustain the objection.
We hold the court did not err in sustaining the objection to this testimony. Why Mr. Jordan did not put the man back to work was not shown to be relevant at the time of the ruling, nor with the mixed blessing of hindsight are we convinced that even if relevant the trial court abused its discretion in excluding the evidence as prejudicial. See State Farm Mutual AutomobileInsurance Co., Inc. v. Griffin, 51 Ala. App. 426, 286 So.2d 302
(1973). Later in the trial while Mr. H.C. Jordan was being cross-examined by plaintiff the following exchange took place: *Page 197 
 Q Now, you say that five to fifteen percent of your work is railroad work, is that right?
A That is correct.
 Q I will ask you if it isn't a fact that you told Mr. Stephens when you received a copy of this lawsuit that fifty percent of your work was railroad work?
 A Well, I could not have told him that because we never done twenty-five percent of annual volume in railroad work. So I would not have told him that.
 Q Didn't you, furthermore, refuse to take him back because you were afraid it would offend the railroad and damage your percentage?
 MR. STUTTS: Judge, I object to that and I ask that you instruct him not to go into that.
 THE COURT: That is not relative to any issue in this case and I instruct the jury not to consider the question and I instruct Mr. Rutledge not to go into it.
 MR. RUTLEDGE: It shows bias and prejudice on the witness. They brought the subject up.
 THE COURT: I think it is prejudicial and I have ruled that it should not be gone into and I instruct you again not to go into it.
 Ladies and gentlemen of the jury, I know that maybe some of this evidence is hard for you to put out of your minds. Now, this is something that I ruled should not go in and I think it is prejudicial and I don't want it in and I don't want you to consider it in your deliberations.
Again the court found the evidence irrelevant to the issues involved in the trial. It further stated its conviction that such evidence was prejudicial and we again find no abuse of discretion by the trial court in excluding the evidence. SeeState Farm Mut. Auto. Ins. Co., Inc., supra, and Gamble,McElroy's Alabama Evidence, § 21.01 (4)(6) (3d ed. 1977).
Plaintiff last contends that the trial court erred in allowing him only thirty minutes in which to present his argument to the jury, while allowing both the defendant and third-party defendant thirty minutes each to argue what he claims was essentially the same case. Again, the trial record does not reflect a timely objection at trial on this issue and in view of our previous discussion we are unable to reach the issue. See generally on time allowed on closing arguments 75 Am.Jur.2d: Trial, § 212 (1974); Annot., 3 ALR 3d 1341 (1965).
The contentions of plaintiff being without merit on this appeal the judgments below are due to be, and are, hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.