BRADLEY, Presiding Judge.
This is a domestic relations case.
The parties were divorced in 1976 by a decree of the Jackson County Circuit Court. The decree incorporated a property settlement agreement made by the parties which included a provision that the husband pay $300 per month child support for the minor children. In May 1986 the wife filed a petition in the Jackson County Circuit Court claiming arrearages in the child support payments. The trial court, after an ore tenus proceeding, awarded judgment in favor of the wife on arrearages. The husband appeals. We affirm.
The husband contends on appeal that the trial court committed reversible error in refusing to allow the husband to testify regarding the intent of the parties in reaching the property settlement agreement, which was made a part of the divorce decree. This issue arose for the first time at the hearing on the motion for new trial. As a matter of fact, this issue was not even made a ground of the motion for new trial. Objection was made to the eliciting of this testimony on the ground that such issue could not be raised for the first time on motion for new trial, and the objection was sustained.
There was testimony during the hearing on the rule nisi proceeding that, subsequent to the divorce decree and as each child was emancipated, the parties agreed to reduce the child support by $100 per month.
The trial court, in its decree, found as a fact that the parties had agreed to reduce the child support payments in the manner related above. However, it held that the parties failed to obtain the approval of the court for these reductions in the child support payments and, as a consequence, the court could not honor the agreements to reduce the support payments.
On appeal the husband does not contend that the trial court erred in refusing to abide by the agreements to reduce the child support payments made subsequent to the divorce decree. He now says that the trial court erred in refusing to let him testify at the hearing on the motion for new trial that he intended the agreement incorporated into the divorce decree to authorize the $100 per month reduction in child support payments as each child became emancipated. This issue could not be raised for the first time at the hearing on the posttrial motion. To be available for review on appeal, the testimony should have been presented at the hearing on the rule nisi. It was not so presented. Stephens v. Central of Georgia Railroad, 367 So.2d 192 (Ala.1978); Rule 4(a)(3), Alabama Rules of Appellate Procedure. The trial court correctly refused to allow the testimony in question. No other issues having been raised by the husband, the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.