PATTERSON, Judge.
Kenneth Winston Dial appeals, pro se, from the circuit court’s denial of his first petition for post-conviction relief. See Rule 32, Ala.R.Crim.P. This petition challenges Dial’s prior conviction, following a jury trial, of attempted murder and his subsequent sentence to life imprisonment without the possibility of parole. Dial v. State, [Ms. CR-95-107, April 14, 1995] - So.2d - (Ala.Cr.App.1995) (Table) (certificate of final judgment issued, August 8, 1995). Dial filed this petition on October 2, 1995, alleging several instances of ineffective assistance of counsel. Apparently without a hearing, the trial court denied the petition on October 26,1995, without making specific findings of fact.[1] See Rule 32.9(d) (“The court shall make specific findings of fact relating to each material issue of fact presented.”)
Our review of the record of Dial’s jury trial shows that at least one issue raised in Dial’s petition presents a material issue of fact. That issue is whether his trial counsel was ineffective for failing to object to a portion of the trial court’s jury instructions, which appears in the record, as follows:
“The State, in order to sustain a conviction for the attempted murder offense charge, would have to prove to you that, first of all, Kenneth Winston Dial is the shooter. They have to prove that in any of the offenses charged, obviously. That’s the threshold or first finding that you must make in order to convict this man of any offense. I am convinced beyond a reasonable doubt or to a moral certainty that Kenneth Dial is the shooter.”
(Emphasis added.) Dial argues that the emphasized portion of the charge could have been interpreted by the jury as an expression of the trial court’s belief. On appeal, the state argues that “[i]t is obvious.... that the court reporter incorrectly punctuated portions of the charge.” The state’s argument is not cognizable by this court.
“ ‘An appellate court “cannot presume the existence of facts as to which the record is silent and make it a ground for [decision].” [Dais] v. State ex ret. Davis, 420 So.2d 278, 279 (Ala.Civ.App.1982). Appellate courts are “prisoners of the record and occurrences in chambers and off the record are outside [the court’s] purview unless the trial court or attorneys made certain that [the court] is privy to them.” Stephens v. Central of Georgia R. Co., 367 So.2d 192, 194 (Ala.1978).’ ”
Allison v. State, 645 So.2d 358 (Ala.Cr.App.1994) (quoting Empiregas, Inc. v. Hardy, 487 So.2d 244, 251 (Ala.1985), cert. denied, 476 U.S. 1116, 106 S.Ct. 1973, 90 L.Ed.2d 657 (1986)). Rule 10(g), Ala.R.App.P., provides the mechanism by which the record on appeal may be corrected or supplemented.
As a cautionary note, we recommend that when possible, trial courts should refrain from charging the jury in the first person. The inherent risks of this practice are obvious.
Because Dial’s petition states at least one claim that presents a material issue of fact and because the trial court faded to enter specific findings regarding any of the issues raised in the petition, we reverse the trial court’s ruling and remand this cause to the trial court. We direct the trial court to enter specific findings of fact regarding the issue specifically addressed in this opinion and regarding any other issues in the petition that the trial court determines to present material issues of fact or law.
REVERSED AND REMANDED.
All Judges concur.

. The case action summary states: "10/26/95— Petition for R. 32 is denied. Trial Counsel performed admirably as evidenced by record.”