On Return to Remand

PATTERSON, Judge.
In Dial v. State, 680 So.2d 1002 (Ala.Cr.App.1996), we reviewed Kenneth Winston Dial’s appeal from the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P. petition for post-conviction relief. We remanded the ease to the trial court and directed it to enter specific findings of fact regarding the issue whether the trial court’s jury instructions improperly stated that the judge believed that Dial was guilty.
On remand, the trial court went beyond the confines of our instructions and, in a prompt and thorough order, made findings of fact regarding every issue raised in Dial’s petition. The trial court’s exemplary order states as follows:
“Undersigned has been directed by Court of Appeals to respond to averments in petitioner’s Petition for Rule 32; thus as to petitioner’s
“Count I: Court’s instructions on principal offense and lesser included offenses are a matter of record and may be reviewed by appellate court.
“Undersigned maintains that the jury was properly instructed as evidenced by the record.
“Count II: Undersigned has reviewed the tape of the court’s instructions referenced by the Court of Appeals in order or remand. The court reporter did, in fact, incorrectly punctuate a portion of the charge as evidenced by the tape.
“The correct written translation of what was said would be:
“The State, in order to sustain a conviction for the attempted murder offense charge, would have to prove to you that, first of all, Kenneth Winston Dial is the shooter. They have to prove that in any of the offenses charged, and obviously, that’s the threshold or first finding that you must make in order to convict this man of any offense — I am convinced beyond a reasonable doubt or to a moral certainty that Kenneth Dial is the shooter.
“The inflection and intonation in the delivery of this statement make it abundantly clear that your writer was speaking from the juror’s perspective. Obviously, no one upon hearing the court’s charge to the jury thought otherwise.
“Undersigned will provide a copy of said tape if the appellate court wishes.
“The appellate court’s cautionary note is duly noted and appreciated by your writer.
*1005 “Judicial error: Same response as count II above.
“4) In spite of defendant’s assertions he was, in fact, convicted for the felony ‘attempt to ravish’ and sentenced to two years’ on October IB, 1981 by Judge Joseph J. Jasper. Defendant was probated on October 14, 1981, for two years (copy attached).
“Count II — 5) No merit on face of allegation. Copy of larceny conviction also attached.
“Count III — 6) Same as number 5 above, copy of conviction attached.
“Ineffective assistance of counsel — presumably petitioner is talking about his appellate counsel, Charles Thompson, known to the undersigned as a diligent appellate writer. Petitioner’s claims are deemed meritless, stating no justiciable issue.
“In this writer’s opinion, petitioner received a fair trial, represented by a distinguished trial defense attorney and was well represented on appeal by an experienced appellate attorney.
“Petition for Rule 32 is denied.”
The documents attached to the order support the trial court’s findings. We find no error in the trial court’s denial of Dial’s Rule 32 petition.
AFFIRMED.
All Judges concur.